No. 13,210.

STATE OF LOUISIANA VS. JAMES FUSELIER.

SYLLABUS.

1. JURY COMMISSIONER.—An officer who accepts an appointment of jury commissioner is presumed to have resigned his former office, and therefore his acts as commissioner are not null.

2. INQUIRIES FROM THE JURY.—Instructions or any information given to the jury, if the case has been submitted to it for its verdict, not objected to at the time given, are not grounds for reversal. The information asked for and given had no bearing on the case.

3. COURT'S DISCRETION.—The trial court in its discretion judges of the necessity vel non of discharging a jury.

4. JURIES NOT UNREASONABLY DETAINED.—The situation and restraint in which jurors are placed is exacted in the public interest, and do not afford grounds of themselves to set aside their verdict.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. Voorhies, J.

M. J. Cunningham, Attorney General, and James Simon, District Attorney, for Plaintiff and Appellee.

J. E. Mouton for Defendant and Appellant.

Submitted on briefs June 3, 1899.
Opinion handed down June 12, 1899.

The opinion of the court was delivered by

BREAUX, J. The defendant, Fuselier, was charged with having murdered Felix John, on the 17th day of January, 1899, and was tried and found guilty of manslaughter.

From the sentence of the court to hard labor, he prosecutes this appeal.

Here, he invokes the grounds alleged by him in his motion to quash the indictment on the grounds set forth by him in his application for a new trial.

The case comes to us on appeal on three bills of exception, in the manner presented by the defence, and as met by the prosecution. We directly take up the questions reserved in the bill of exceptions taken to the overruling, by the court, of a motion to quash the general and special venire. One of the grounds taken in the bill was not argued in appellant's brief, for the reason, doubtless, we think, that it was of no importance. The bill, in our judgment, brings up only one serious ground before the court. This ground was taken up by counsel and thoroughly and clearly argued in behalf of his client. None the less, we gave consideration to the other ground taken, though not

argued, and found that it was absolutey without merit.  We pass it without comment.

1st.  Now, with reference to the complaint argued and set forth in the bill of exceptions, as before stated; that two of the jury commissioners were, at the time of their appointment as members of the jury commission, members of the school board.

Counsel argues that the statute is absolutely prohibitive, and no one, in view of the prohibition, can be appointed jury commissioner and act in that capacity, who holds another office.

We have carefully reviewed the decisions upon the subject, and found that these decisions have not, heretofore, treated a statute as prohibitory, which directs that "no person holding any office under the State, or any parish or municipality therein, shall be competent to hold the office of jury commissioner," (Act 99 of 1896, Section 3;) at any rate, not to the extent of deciding that one holding an office was absolutely incompetent even to accept the office, and if accepted by him, to render him incompetent by vitiating his acts as commissioner. The act from which we quote will not bear that interpretation.  To the words "shall not be competent," the scope and importance has never been given for which defendant contends.

In State vs. Newhouse, 29 Ann., 826, under similar laws, the Supreme Court held, that one who accepts an office ceased to be a jury commissioner.  It follows that his acts in the new office were not a nullity.

In State vs. Arata, 32nd Ann., 193, the Supreme Court held that a public officer accepting an office incompatible with that held by him at the time of his appointment, vacated the former.

State vs. Dellwood, 33 Ann., 1229, is quite a similar case to the one before us.  The grounds were that two jury commissioners were office holders at the time of their appointment.  The court said:

"Conceding for the sake of argument    *    *    *    that the office of jury commissioner in the country parishes, and, also, the other offices alleged to have been held by the parties here, were all 'offices' incapable of being simultaneously held by the same person—we yet find one reason assigned by the judge *a quo*    *    *    *  which must prevail. viz.: 'If the offices are inconsistent, the parties, by qualifying as commissioners, vacated their former offices.'"

In State vs. West, 33 Ann., 1261, it was held: "A public officer

vacates the office held by him by accepting another office incompatible with the former."

The same principle was sustained in State vs. Beaird *et al.,* 34th Ann., 104; State vs. Nockum, 41 Ann., 689; State vs. Riley, 41 Ann., 698; State vs. Hall, 44th Ann., 976; State vs. Taylor, 44 Ann., 783.

In view of the foregoing, we sustain the ruling of the District Court.

2nd. We pass to a consideration of the second bill of exceptions, grounded on the objection that the verdict of the jury was not a cool and deliberate verdict, an objection, we think, that the court properly refused to sustain. The court incorporated the statement of the facts in the bill of exceptions, setting forth that there was no coersion or constraining influence brought to bear; that during the time the jury remained in panel, they were brought into court at their request and given the instructions they asked (which were unimportant, and really had no bearing upon the case); and, as counsel was present, the course pursued by the court appeared to us to have been entirely regular and proper. In a direct case cited, *infra,* the trial judge had given himself great concern about the necessity of the jury agreeing upon a verdict. The Supreme Court, in its opinion, said: "This is a matter within the discretion of the trial judge, and not one giving rise to an error affecting the results of the trial." State vs. Green, 7 Ann., 520.

3rd. The third bill of exceptions was taken to the court's ruling, refusing defendant's motion for a new trial. The grounds are about the same as those set forth in the second bill of exceptions. The judge, in overruling the motion, said, that the jury were kept on the case from Tuesday to Thursday morning. "No coerscion was used, no prolonged detention was threatened after the submission of the case."

The objection urged, does not, in our view, afford grounds to reverse the verdict.

4th. "It is well settled that the court has in itself to decide when to discharge the jury. The exercise of such discretion is not ordinarily subject to review." Proffiat on "Jury Trial," Sec. 482.

It would be different if pressure had been brought to produce an agreement. This was not the case. We are not informed that they did not have "meat, drink and light," and the usual attention due to jurors. The restraint to which jurors are subject is in the interest of law and order. The service in view of its importance to the public, should be cheerfully performed, and does not afford grounds to set

FIFTY-FIRST ANNUAL REPORTS, 1899.        1321

Hibernia National Bank vs. Standard Guano, Chemical & Mfg. Co.

aside a verdict, athough it may be required for a few days in an important case.

We have carefully reviewed the proceedings and found no grounds of relief for the accused.

Judgment affirmed.