State vs. Porteau et al.

---

.No. 13,287.

STATE OF LOUISIANA VS. ALEX PORTEAU ET AL.

SYLLABUS.

The ruling of a trial judge, upon the admissibility of evidence to prove a confession by the accused, based upon his conclusion that such confession was not obtained by threats or promises, will not be disturbed in this court, unless clearly erroneous.

APPEAL from the Eleventh Judicial District, Parish of St. Landry. *Dupre, J.*

State vs. Porteau et al.

*Milton J. Cunningham,* Attorney General, and *R. E. Garland,* District Attorney, for Plaintiff, Appellee.

*E. P. Veazie* and *James J. Bailey* for Defendants, Appellants.

The opinion of the court was delivered by

MONROE, J. The defendant, Alexander Porteau, and one Willie Bell were charged with burglary and larceny; Bell obtained a severance, and Porteau, being tried, was convicted and sentenced, and has appealed.

The only question which we find presented in the record is that reserved in a bill of exceptions to the ruling of the court admitting in evidence the testimony of Thomas Mouton, a deputy sheriff, and of Sheriffs Frazee and Broussard, to alleged voluntary confessions by the defendant. This testimony was objected to, on the ground "that said declaration was not free and voluntary, and was not so made by the defendant, at the time." The testimony, as given by the witnesses, is brought up as part of the bill of exceptions, and is clear and positive to the effect that the defendant confessed the crime with which he was charged, on several occasions, and that the confessions were not induced by threats or promises of any kind whatever. As against this, there appears the statement of the defendant, in which he attempts to deny having made any confession, and, at the same time, to assert that he was induced to make statements by promises made to him by Mr. Mouton, the deputy sheriff, who swears most positively, that he made no promises and held out no inducements whatever. The judge *a quo* in signing the bill of exceptions, says: "I believe the declaration of the accused was free and voluntary. I did not believe his counter statement," etc.

In State vs. Bartley, 34th Ann., 147, it was said: "Whether the confession was voluntary or not, and admissible, or inadmissible, under the evidence submitted, is a mixed question of law and fact, which we are authorized to review, the evidence on the point being set forth in the bill of exceptions. Though this is the case, the ruling of the judge, at the first instance on a question of this character, should not be disturbed, unless clearly erroneous. The presence of the witnesses before him, their manner of testifying, character, etc., afforded an opportunity of reaching a correct conclusion on the point at issue, superior to any we possess. Our examination of the record,

although the evidence is conflicting, satisfies us that his ruling in this instance is correct."

In the case now under consideration, the evidence upon the point at issue can hardly be said to be conflicting, and satisfies us, as it satisfied the judge of the trial court, that the evidence offered was admissible.

Judgment affirmed.