40 So.2d 232

**STATE v. ALEXANDER.**

No. 39270.

March 21, 1949.

Rehearing Denied April 25, 1949.

Drew & Drew, of Minden, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E.

Culligan, Asst. Atty. Gen., and James E. Bolin, Dist. Atty., of Springfield, for appellee.

MOISE, Justice.

The defendant was indicted and prosecuted for murder. He was convicted of the crime of manslaughter, sentenced to the penitentiary at hard labor for 21 years, and from this conviction and sentence he appeals.

A motion for a new trial was filed embodying certain errors as shown by the bills of exception that were allegedly made by the trial judge during the conduct of the proceedings.

The record shows that there were no eyewitnesses to the crime and the only proof offered by the State as to the guilt of the accused is his numerous incriminating statements made on the afternoon of the alleged slaying.

Bill of Exception No. 1 was reversed to the overruling of defendant's motion for a new trial. The court in its per curiam states that this motion was overruled "for the reasons set forth in Bills of Exception Nos. 2, 3, 4 and 5." Therefore, this bill will be hereafter discussed.

Bill of Exception No. 2 was taken to the admitting in evidence, over counsel for defendant's objection, of certain incriminating statements made by the accused for the reason that they were not free and voluntary and for the further reason that the

defendant, at the time of making said statements, was in a state of intoxication and that his drunkenness had reached the point of mania. The trial judge overruled the objection to the admissibility of these statements and gave the following reasons:

"After hearing the evidence I am of the opinion that the confessions or admissions were free and voluntary, and that defendant, while under the influence of intoxicating liquor, was still rational and knew what he was saying. This belief is strengthened by the fact that he told the officers where the body would be found, and it was found there."

In State v. Bartley, 34 La.Ann. 147, this Court stated:

"In regard to the admissibility of the confession of the accused, it depended upon a question of fact, that is, whether the confession was voluntary or not. This question the Judge had to decide, with a view to determine its admissibility. It was a matter largely within his discretion; and after hearing and weighing the evidence touching the character of the confession, he held that it was voluntary and admitted it.

"Whether the confession was voluntary or not, and admissible or inadmissible, under the evidence submitted, is a mixed question of law and fact, which we are authorized to review; the evidence on the point being set forth in the bill of exceptions."

The jurisprudence of the State is well-settled to the effect that a confession must be free and voluntary in order to be admitted in evidence against the defendant in a criminal prosecution; that it is the duty of the State to prove that the confession is free and voluntary and that the admissibility of the incriminating statements or confession of the accused is a question of fact, that is, whether the confession was voluntary or not. The trial judge had to settle this question of fact within his sound discretion. State v. Bartley, 34 La.Ann. 147; State v. Porteau et al., 52 La.Ann. 476, 26 So. 993; State v. Edwards et al., 106 La. 674, 31 So. 308.

In Wharton's Criminal Evidence, 11th Ed., Vol. 2, Sec. 633, at page 1059, we find the following:

"While a disturbance or a partial loss of control of the mental faculties is not in itself a ground for declaring the confession to be involuntary, the circumstances are to be taken into consideration by the jury when they come to consider the evidence. Hence, a confession otherwise voluntary is not to be excluded because the accused was intoxicated at the time of making it. That fact goes to the weight only of the confession and is for the exclusive consideration of the jury. It is even held by the weight of authority that a confession made by an intoxicated prisoner is none the less admissible because the liquor was furnished to him by the officer having him in custody.

* * * However, the courts have stated that should the intoxication of the confesser produce actual mania or render him unconscious of what he is saying the confession is inadmissible as a result thereof."

Similar language was quoted with approval in State v. Berry, 50 La.Ann. 1309, 24 So. 329 and State v. Hogan, 117 La. 863, 42 So. 352.

A review of the authorities brings us to the conclusion that the fact of the intoxicated condition of the accused at the time of making the confessions does not, unless such intoxication goes to the extent of mania, affect the admissibility of evidence of such confessions, if they were otherwise voluntary. We believe that the confessions were properly admitted.

Bill No. 3 was reserved by the defendant to the ruling of the trial judge that the testimony of A. L. Coffee as to his familiarity with the place and manner in which the gun of defendant was carried in his truck. The defendant does not show the relevancy of this evidence nor how he was aggrieved. We find no merit in this bill.

Bill No. 4 was reserved to a statement made by the Assistant District Attorney in his argument before the jury relative to the confessions. While commenting on the admissibility of the confessions and statements made by the defendant, the Assistant District Attorney stated: " * * as the Court has so ruled", after the trial judge had charged the jury not to consider the argument of counsel but to base their verdict on the law and evidence. If this statement had been prejudicial, such a charge would have cured the alleged irregularity.

It is a well-settled principle that as a matter of law, the prosecuting officer has the right to press upon the jury any view of the case arising out of the evidence —the Supreme Court is bound to credit jurors with common intelligence, conscientiousness, and sense of duty. To justify setting aside a verdict of a jury, approved by the trial judge, on the ground of intemperate or improper remarks made by a District Attorney, we would have to be thoroughly convinced that the jury was influenced by such remarks, and also, that the remarks contributed to the verdict found. State v. Johnson & Butler, 48 La.Ann. 87, 19 So. 213; State v. Hamilton, 124 La. 132, 49 So. 1004, 18 Ann.Cas. 981; State v. Davis et al., 178 La. 203, 151 So. 78; and State v. Tucker, 204 La. 463, 15 So.2d 854. We find no merit in Bill of Exception No. 4.

Bill of Exception No. 5 was taken to the refusal of the trial judge to charge the following special charges:

"No. 1. I charge you, gentlemen of the jury, that the condition of a defendant as to intoxication must be taken into consideration as to the truthfulness of his confession.

"No. 2. If you conclude that the defendant was in such a state of intoxication that

he did not know the import of his statements offered as confessions, then it is your duty to disregard said statements and evidence.

"No. 3. You are the sole judge of the condition as to intoxication of the defendant at the time of making said confessions and if there is any reasonable doubt that the defendant did not know what he was saying, then gentlemen you just resolve that doubt in favor of the defendant and disregard the testimony.

"No. 4. 'Mania' is that form of insanity where the mental derangement is accompanied with more or less excitement. Sometime the excitement amounts to a fury. The individual in such cases is subject to hallucinations and illusions. He is impressed with the reality of events which have never occurred and of things which do not exist and acts more or less in conformity with his belief in these particulars. It may be general and affect all or most of the operations of the mind, or it may be partial and be confined to particular subjects."

The general charge is not made a part of the record. In refusing the special charges, the court gave the following reason:

"The general charge on drunkenness was given and under the evidence adduced I do not believe that accused was entitled to these special charges."

From the general charge of the court, the jury could give whatever weight they wanted to the evidence as to intoxication. This condition was not entitled to be given a preference or priority over any other fact in the case. The judge in his per curiam states that he gave "the general charge on drunkenness". The fact of drunkenness as a defense to a crime is immaterial. It is a defense when there is mania and in certain cases provided it can be used to negative an intent where a specific intent is required to constitute the crime charged. We are bound to presume that all general charges on the subject of drunkenness were given. The trial judge, in his per curiam stated "under the evidence adduced I do not believe that accused was entitled to these special charges."

Article 390 of the Code of Criminal Procedure provides:

"The prosecution and the defense have each the right to present to the court, before the argument has begun, any written charge or charges, and request that the same be given. Except as otherwise provided herein, the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation."

State v. Poree, 136 La. 939, 68 So. 83; State v. Erwin, 133 La. 550, 63 So. 167; State v. Varnado, 126 La. 732, 52 So. 1006; State v. Hogan, 117 La. 863, 42 So. 352; State v. Nicholls, 50 La.Ann. 699, 23 So. 980.

We cannot pass on the sufficiency of the general charge because it is not

in the record. Therefore, such charge is not a subject of review by this Court. State v. Coll, 146 La. 597, 598, 83 So. 844. There is in the record, however, the evidence taken as to the admissibility of the confessions. The trial judge may, when called upon to give certain principles of law in the charge, only give them with such qualification and explanation as to render them applicable to the case under consideration. The trial judge believed he had performed this duty when he gave the general charge of drunkenness. It was, therefore, his right to re-

fuse a charge which is not wholly correct or wholly pertinent under all of the facts and circumstances of the case. We find no error of law in the refusal to give the special charges requested. The judgment appealed from will be affirmed.

Judgment affirmed.

HAWTHORNE and McCALEB, JJ., concur in the decree.

O'NIELL, C. J., takes no part.