PER CURIAM.
Defendant, John Henry Jones, was charged with the murder of David Williams and indicted by the grand jury which returned a true bill. The defendant was found guilty without capital punishment by a unanimous jury and sentenced to life imprisonment. (La.R.S. 14:30) While three bills of exceptions were reserved during • his trial, counsel perfected only one to present to this Court on appeal.
Defendant contends that the admission of his taped confession into evidence at his *258 trial was prejudicial error requiring a reversal of his conviction and sentence by virtue of his being in an alleged state of intoxication at the time of the police interrogation.
A thorough and careful review of the record convinces us the proof is sufficient to establish the fact that the trial judge did not abuse his discretion in permitting the admission of the taped confession made by the defendant. The record does not show that the accused was intoxicated at the time the confession was taken, when he voluntarily turned himself in to the police station at 8 A.M. the morning following the midnight stabbing. Although he himself stated that he had had a half pint of whiskey during the morning hours, and had drunk half of another half pint just before turning himself in, the interrogation officer specifically stated that the accused did not speak or appear to have been drinking, and no testimony was introduced at the trial to show to the contrary or that the confession was not free and voluntary.
In reviewing the record we find the defendant was advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The tape starts off with a statement by the interrogating officer that the defendant was advised of his constitutional rights and that he had signed waiver of rights form to that effect. During the trial the presiding judge conducted a hearing out of the presence of the jury and determined that “the taped statement was freely and voluntarily given.” After determining the taped interrogation was free and voluntary, the trial judge permitted it to be introduced into evidence in its entirety as required by La. R.S. 15:450. Neither do we find the questioning officers employed tactics outside the scope of reasonable police interrogation, nor were their methods in contravention of La.R.S. 15:451. This bill of exceptions lacks merit. State v. Alexander, 215 La. 245, 40 So.2d 232 (1949); 2 Wharton’s Criminal Evidence, 12th Ed., Sect. 388 at 122 (1955).
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.