325 So.2d 579 (1976)
STATE of Louisiana
v.
Donald PHANOR.
No. 56851.
Supreme Court of Louisiana.
January 19, 1976.
*580 John G. Williams, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., John S. Stephens, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant was charged with and convicted of attempted rape. On appeal to this Court, he relies upon four assignments *581 of error for reversal of his conviction and sentence. Finding no merit in these assignments, we affirm.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the lower court erred in allowing certain witnesses to identify defendant in court because the identifications had been tainted by previous illegal out-of-court identifications.
Defendant's assignment of error is not properly before this Court. In some instances, a motion to suppress is a proper procedural device to bar identification testimony from a trial. See State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972). No motion to suppress was filed in the present case. In any event, Article 841 of the Louisiana Code of Criminal Procedure requires a contemporaneous objection at the trial to the admission of evidence as a basis of an assignment of error.
In brief, the State has pointed out that the defense made no such objection to the admission of the testimony. We have examined the record and find none. Hence, Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that, although the State gave prior notice of its intent to use certain inculpatory statements made by the defendant, the State introduced the statements without laying the proper foundation that the defendant made the statement voluntarily after being given the appropriate Miranda warnings. He relies upon Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The record reveals that the defendant was in a drunken condition when he was returned to the scene of the crime. When the defendant saw a hat laying on the porch of the house, he said, "Give me my hat." Miranda deals with custodial interrogation and does not prohibit the admission in evidence of a defendant's spontaneous and unsolicited statements. State v. White, La., 321 So.2d 491 (1975).
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant's third assignment of error is related to Assignment of Error No. 2. Here, he alleges that his condition at the time of arrest precluded the police giving him the Miranda warnings because he would not have understood them. He alleges that he was very drunk and did not and could not perceive what was happening to him. He therefore asserts that the police should not have taken him back to the scene of the crime and "placed [him] in a position of making the statement that was made on the porch of the house."
The police apprehended the defendant near the scene of the crime, shortly after the crime had been committed. They properly returned him to the scene in order to ascertain whether or not the victim and a witness could identify him as the offender. See State v. Nance, La., 315 So.2d 695 (1975) and the authorities cited therein.
In dealing with confessions of intoxicated persons, we have held that intoxication which does not amount to mania at the time of the confession does not bar the confession. Intoxication is a factor to be considered by the jury in determining the weight to be accorded to a confession. State v. Berry, 50 La.Ann. 1309, 24 So. 329 (1898). Likewise, in State v. Alexander, 215 La. 245, 40 So.2d 232 (1949), we held that intoxication which had not reached the point of mania did not affect the admissibility of an otherwise voluntary confession. Since intoxication short of mania does not bar a confession, we find no sound basis for using it to bar spontaneous utterances.
Assignment of Error No. 3 is without merit.

*582 ASSIGNMENT OF ERROR NO. 4
Defendant alleges that the trial court erred in failing to grant a new trial on the basis of newly discovered evidence. In brief, defense counsel summarizes the evidence as follows:
"At a hearing on the motion for a new trial a witness by the name of Sevelia Lewis was called to testify. She stated that shortly following the trial Nellie Chatman and Hilda Dorsey told her that they did not know any of the Phanor boys and could not identify them. She further stated that Nellie Chatman told her on the phone that she thought it was Donald Phanor's brother who attempted to rape her and not Donald Phanor himself. The testimony was corroborated by Sevelia Lewis' husband Espeller Lewis."
Article 851 of the Louisiana Code of Criminal Procedure provides in pertinent part:
"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
"The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
"(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;"
In passing upon a motion for new trial based on newly discovered evidence under the above article, the trial judge is accorded considerable discretion in evaluating the impact of the testimony upon the verdict. His ruling will be disturbed on appeal only when there is a clear showing of abuse of discretion. State v. Barfield, La., 292 So.2d 580 (1974); State v. Jackson, 253 La. 205, 217 So.2d 372 (1968).
The testimony presented on the motion for a new trial is confusing at best. It relates to alleged inconsistent statements made by the victim as to the identity of the offender. At times, the two witnesses, husband and wife, seem to testify that they received the information recited above over the telephone before the trial of the defendant, and at times they seem to testify that they received the information after the trial. It is unclear whether the victim stated over the telephone that she did not know who attempted to rape her or whether she simply stated that she did not know whose child he was.
We conclude that the trial judge did not abuse his discretion in denying the motion for a new trial.
Assignment of Error No. 4 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.