### ASHTON V. ASHTON.

1. A husband gave his wife an absolute deed of the land whereon they
lived, and afterwards she obtained a divorce, and left the place, and sued
him for the land. *Held*, on an issue whether the deed was in fact a
mortgage, that it was immaterial whether the husband was living on
the land, and had his personal property there, when the wife left him.

2. On an issue whether an absolute deed, given for an expressed considera-
tion of $1,000, was in fact a mortgage, where the grantee testified that
she paid the grantor $500 when the deed was executed, and spoke also
of moneys paid him at other times, she might answer "whether the
other $500 was paid before or after the deed was given."

3. In an action for possession of land, plaintiff shows a *prima facie* right to
possession by introducing a warranty deed to himself from defendant.

4. On an issue whether an absolute deed was in fact a mortgage, it is immaterial that the land was the grantor's homestead, and that he was holding it as such.

5. Testimony of a grantor in an absolute deed, that he never sold the premises, is inadmissible, as being an opinion, on an issue whether the deed was in fact a mortgage.

6. The court may, in its discretion, permit a witness to be recalled for the purpose of laying a foundation for impeachment.

7. Questions put to a witness, for the purpose of impeachment, as to statements made out of court, are sufficiently specific where his attention is called to time and place, viz. the summer of a certain year, at his home, and to the particular statements claimed to have been made.

8. A charge that, if a witness has made material statements outside of court "other than those made in court," he is impeached, is not reversible error.

(Opinion filed July 12, 1899.)

Appeal from circuit court, Hamlin county. Hon. JULIAN BENNETT, Judge.

Action by Mary J. Ashton against Perry J. Ashton, to recover possession of a tract of land. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Geo. W. Case,* for appellant.

*William McGann, S. H. Elrod,* and *C. G. Sherwood,* for respondent.

CORSON, P. J. This was an action on the part of the plaintiff to recover of the defendant the possession of a tract of land in Hamlin county.

Verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The plaintiff and defendant were formerly husband and wife, and the plaintiff, to prove her title, introduced in evidence a warranty deed, executed by the defendant to her in 1890, in which the consideration was expressed as $1,000. The defendant claims that the deed was given by him, and was intended by the parties a mortgage to secure the payment of $500 loaned to him by the plaintiff at the time the deed was executed. It appears from the evidence that the plaintiff and defendant lived together as husband and wife until 1896, when they were divorced by decree of court, and she left the premises, leaving him still residing thereon.

On the trial the plaintiff, while on the stand as a witness, was asked the following question: "Mr. Ashton, the defendant, was living on the land, and had his personal property there when you left it?" The court sustained the objection, and this ruling was assigned as error. We discover no error in the ruling, as it was not material to any issue in the case whether the defendant was or was not living upon the land, and had his personal property there when she left it. It may be added that, if the evidence called for was material, the witness had previously testified that the defendant was still living on the land when she left.

Appellant further contends that the court erred in allowing the plaintiff, while on the stand as a witness, to answer the following question: "You may state whether the other $500 was paid before or after the deed was given." We see no error in this ruling, as she had spoken of $500 paid at the time the deed was executed, and had also spoken of other moneys paid to the defendant at other times.

At the close of the plaintiff's evidence the appellant moved the court to direct a verdict in favor of the defendant for the

reason that the plaintiff had not proven her right of possession to the premises in controversy. This motion was denied, and we are of the opinion that the court's ruling was cor-rect, as, under the deed executed by the defendant, the plaintiff was *prima facie* entitled to the premises.

The defendant being called as a witness in his own behalf, was asked the following questions:  "You may state what land you took up,—whether it was the land in controversy. Have you resided elsewhere since you moved in there? Now, you may state, Mr. Ashton, if you have ever sold the land described in that deed." The questions were objected to by the plaintiff, and the objections sustained, and this ruling of the court is assigned as error. We think the ruling was correct, as the answers to the first two questions would not have tended to prove any of the issues in controversy, and therefore were not material. The last question called for the opinion of the witness as to a fact that was for the jury to determine. That was the issue in the case,—had he sold the land or mortgaged it?

After the defendant had rested his case, plaintiff recalled the defendant as a witness, and asked him several questions for the purpose of impeachment. Counsel for defendant objected to these questions on the ground that no proper foundation had been laid for impeachment; and as incompetent and imma-terial. The court overruled the objection, and the ruling of the court is assigned as error. The main ground of the objection, as we understand the counsel for appellant, is that the questions were not asked upon cross-examination, which was the proper time to lay the foundation for impeachment. It is claimed by appellant that the witness was not called for cross-examina-tion, but was simply called to the stand by plaintiff. Undoubt-

edly, the proper time to lay the foundation for impeachment is upon the cross-examination of the witness; but if, from any cause, such foundation has not been laid upon the cross-examination, the court may, in its discretion, allow the witness to be recalled for that purpose; and we must presume in this case, in the absence of any statement in the record to the contrary, that the recalling of the witness for that purpose was by the permission of the court.

It is further contended on the part of the appellant that the questions propounded to·the witness as to his statements made out of court, were not sufficiently specific, but in our view this contention is not tenable. The attention was called to the time and place, namely the summer of 1891 and the home of the defendant, and as to the specific statements it was claimed he made to the party named. This, we think, brings the case within the rule for impeaching the witness.

The appellant further contends that the following instruction to the jury does not correctly state the law, viz: "If you find that this was intended by both parties to be a mortgage then it is your duty to find for the defendant." We think this instruction, taken in connection with the other instructions of the court, correctly states the law applicable to this case. The question at issue, and which was left to the jury to determine, was whether or not the deed executed by the defendant was intended by the parties to be an absolute deed or a mortgage. And the court instructed the jury very fully on this branch of the case, and the jury, by its verdict, found it to be an absolute deed.

The appellant further contends that the court erred in its charge upon the subject of impeachment. The court, in speak-

ing upon that subject, says than one way to impeach the wit
ness is, "by showing that he has made statements out of court
other than those he has made in court, and, if you find that
any witness in this case has made statements outside of court
that are material to the controversy, other than those made in
court, then the witness is impeached." The learned circuit
court was perhaps a little unfortunate in the use of language in
this instruction. It will be observed that the court has omit-
ted the usual qualification in such an instruction, namely, that
the previous statements made out of court must be contradic-
tory to those of the witness made while on the stand (Thomp.
Trials, § 490 *et seq.*) and has substituted therefor "statements
made out of court other than those made in court." While we
would have been better satisfied had the court used the ordi-
nary qualifying words in his instruction, we are inclined to the
opinion that the jury could not have been misled by the in-
structions, as they would properly understand that the state-
ments referred to by the court must be contradictory to those
made by the witness in court. The error, therefore, was not
such, in our opinion, as to have prejudiced the appellant.
Finding no error in the record, the judgment of the court be-
low and the order denying a new trial are affirmed.