## HURLBUT v. LEPER.

1. A complaint alleging that plaintiff prior to a certain day performed work and labor as a teamster and laborer for defendant for 4½ months, at $40 per month, and claiming a balance, does not purport to set out an express contract, but only an implied contract.

2. An instruction, "If you should find that any witness * * * has willfully testified falsely to any material fact, * * * then you have the right to disregard the whole of such witness' testimony," is proper.

(Opinion filed January 10, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by Robert E. Hurlbut against John A. Leper, to recover for work and labor. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Frawley & Laffey,* for appellant.

In an action upon an express or special contract for services evidence of an implied contract to pay the reasonable value thereof is incompetent. Zeimot v. Phillips, et al, 65 N. W., 418; Plarson v. Switzer, 74 N. W. 214; Wernly v. Collins, 54 N. W. 365; Cremer vs. Miller, 57 N. W. 318; Mayer vs. Ver-Bryck, 64 N. W. 691; Bivlant v. Cleckley, 26 S. E. 600; 2 Am. & Eng. Enc of Pl. & Pr. 998.

*Thomas E. Harvey,* for respondent.

No brief filed.

CORSON, J. This is an action by the plaintiff to recover a balance alleged to be due him for work and labor as a teamster and laborer for defendant. The case was tried by a jury, and the verdict and judgment were in favor of the plaintiff, and defendant appeals.

The appellant claims that the action was brought upon an express contract, and that the court eroneously admitted evidence on the part of the plaintiff tending to prove an implied contract. But the complaint, as we construe it, does not purport to set out an express contract, but only, in effect, an implied contract. The plaintiff states in his complaint that "prior to the 22d day of March, 1896, the plaintiff performed work and labor as a teamster and laborer for the defendant, four and

one-third months, at $40 per month," and claims a balance of $92.65, with interest at 7 per cent per annum. It will be noticed that there is no statement that there was any special contract between plaintiff and defendant, or that the defendant agreed to pay $40 per month. We are of the opinion, therefore, that the court committed no error in admitting evidence on the part of the plaintiff tending to prove the value of his services.

Defendant further contends that the court erred in instructing the jury as follows: "If you should find that any witness in this case has willfully testified falsely to any material fact in the case, then you have the right to disregard the whole of such witness' testimony, if you decide so to do." It will be noticed, in this instruction, that the court carefully qualified it by using the term "has willfully testified falsely." As qualified, we see no objection to the instruction as given. In McPherrin v. Jones (N. D.) 65 N. W. 685, the court, in commenting upon an instruction given by the lower court, uses the following language: "This instruction should have been so qualified as to make it applicable only in the event of the jury believing that the witness has willingly or knowingly or intentionally testified falsely." The instruction in that case had omitted to state either of these qualifications, and as given to the jury was as follows: "If you believe that any witness has testified falsely as to any material fact in the case, you have the right to wholly disregard the testimony of any such witness, except so far as it is corroborated by other credible evidence in the case, either positive or circumstantial." For the error in that instruction the judgment of the court below was reversed.

Appellant further contends that the court erred in other portions of its instruction to the jury, but such contention is based mainly upon the theory that the plaintiff's complaint stated an express contract, and not an implied contract; and it is not necessary to further consider them in this opinion.

It is further contended by appellant that the evidence introduced on the part of the plaintiff was not sufficient to show that he was employed by the defendant, but that he was employed by one Stanley, a subcontractor of the defendant, to perform labor for him (the subcontractor.) But we are of the opinion that there is no merit in this contention, as there was sufficient evidence tending to show that the plaintiff was employed by the defendant personally; and the jury, by their verdict, have evidently found that such was the fact. It is true, there was a sharp conflict in the evidence; but in such a case this court, in Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128, laid down the following rule: "Where, in a case tried before a jury, the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict, without regard to the evidence on the part of the other party, except so far as such evidence tends to sustain his case." Finding no error in the record, the judgment and order denying a new trial are affirmed.