## ELROD v. ASHTON.

1. An instruction that a witness is impeached if he is shown to have made material statements out of court other than those sworn to, is erroneous, since such statements must be contradictory in order to authorize a finding that he has sworn falsely concerning a material matter.

2. Where an erorneous instruction on impeachment would authorize the jury to refuse to credit the testimony of a witness whose evidence is necessary to create a reasonable doubt upon a vital point in controversy, its giving is not harmless error.

CORSON, J. dissenting.

(Opinion filed April 2, 1901.)

Appeal from circuit court, Hamlin county, HON. JULIAN BENNETT, Judge.

Action by S. H. Elrod, as administrator of the estate of Mary A. Ashton, against Perry J. Ashton, to recover real estate. A judgment in favor of the plaintiff was affirmed on appeal. 11 S. D. 610, 79 N. W. 1001. On rehearing. Reversed.

*George W. Case,* for appellant.

*S. H. Elrod* and *C. G. Sherwood,* for respondent.

FULLER, P. J. In this action to recover the possession of certain land, plaintiff obtained a judgment in the court below, which was affirmed on appeal to this court, and the case is now here for determination on rehearing. Since our former decision (Ashton v. Ashton, 11 S. D. 610, 79 N. W. 1001), in which the material facts are fully stated, Mary A. Ashton died, intestate, and S. H. Elrod Esq. administrator of her estate, was duly substituted as plaintiff and respondent. The only question now to be determined is whether the giving of the following instruction, relating to impeachment, constitutes reversible error: "Now, some testimony has been offered

in this case for the purpose of impeachment, and I charge you in regard to that that one of the modes for impeaching a witness is by showing that he has made statements out of court other than what he has made in court; and if you find that any witness in the case has made statements out of court, that are material to the controversy, other than those made in court, then the witness is impeached." According to an elementary rule of universal application, a witness may be impeached by competent proof of verbal statements intentionally made by him out of court, concerning some material matter, which are contradictory of his testimony given at the trial; and the court may instruct that, if the jury believe from all the evidence that such witness has wilfully sworn falsely concerning anything material to the issues in the case, his testimony may be disregarded in so far as the same is not corroborated by credible evidence, either positive or circumstantial, introduced at the trial. Hurlbut v. Leper, 12 S. D. 321, 81 N. W. 631. Uncontroverted proof that a witness "has made statements out of court other than what he has made in court," though they be material to the controversy, is not of itself sufficient to justify the conclusive imputation that he has wilfully sworn falsely and is impeached; nor that the testimony actually given is contrary to, or at variance with his statements made upon the witness stand. The instruction as given authorized the jury to disregard all the testimony of any witness who, by inadvertance, mistake, or failure of inquiry upon the part of counsel, had failed to repeat at the trial every material statement to which he had given utterance outside of court; and the question of credibility was entirely withdrawn from the jury. Clearly, the phase "other than" is not a reasonable substitute for "contrary to" or "at variance with", and, even were it synonymous, the testimony of the witness, not being, as a matter of law, wholly discredited as

to recollection or truthfulness, was worthy of such weight as the same might warrant in view of all the facts and circumstances before the jury. 1 Greenl. Ev. 462; Sack. Instruct. Juries, 37. When the case was formerly before us, we were inclined to believe that the instruction as given, though erroneous, was not prejudicial, but in view of the fact that it requires the testimony of the witness sought to be impeached in order to create a reasonable conflict upon the vital point in litigation, we are now convinced that the conclusion then reached is not sustainable. The judgment appealed from is therefore reversed, and a new trial ordered.

CORSON, J., dissents.