The judgment appealed from is therefore affirmed.

=====

### (95 South. 707)

### No. 25707.

### STATE v. SMITH.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ☞1091(10)—Bill of exceptions must contain objection, ruling, and exception.**

A bill of exceptions is incomplete unless there is an objection, a ruling, and an exception thereto.

**2. Criminal law ☞1037(2)—No reversal for remarks of district attorney without request for action by court.**

Conviction will not be reversed because district attorney, in presence of jury, asked that all cases be continued because it was evident that the jury would not convict, in the absence of any request for action by the court, and mere objection and reservation of bill of exceptions was not sufficient.

**3. Criminal law ☞730(1)—Verdict not ordinarily set aside for improper remarks which jury are cautioned to disregard.**

As a general rule, verdict should not be set aside for improper remarks of prosecuting officer, when judge has cautioned the jury to disregard them; the presumption being that such instructions neutralize the prejudicial effects of the remarks.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Joe Smith was convicted of having possession of stolen goods, and he appeals. Affirmed.

Gordon W. Goodbee, of Franklinton (Ott & Rich, of Bogalusa, of counsel), for appellant.

A. V. Coco, Atty. Gen., J. Vol. Brock, Dist. Atty., of Franklinton, and T. S. Walmsley, of New Orleans (Miller & Miller, of Bogalusa, of counsel), for the State.

LAND, J. Defendant was tried by jury for the crime of having in his possession stolen goods, knowing that said goods had been previously stolen. After the jury had been impaneled and sworn and some testimony had been adduced, another jury in the case of the State v. Piggott, who was on trial on the charge of perjury, returned into open court and reported a verdict of not guilty, whereupon the district attorney made the following statement in the presence of the jury in this case:

"May it please the court, I ask that all cases now on assignment for trial this term be continued. There is no use spending the people's money when it is evident this jury will not convict. I therefore ask that all cases except the one on trial be continued."

Counsel for defendant objected to these remarks of the prosecuting officer, and reserved "a bill of exceptions to the ruling of the trial judge."

The bill of exceptions fails to disclose the ruling made by the trial judge. The bill does not state that defendant's counsel made any request of the court to reprimand the district attorney, or to charge the jury to ignore the statement made by that officer, and that the court refused to comply with such request.

[1] To constitute a bill of exceptions, there must be an objection, a ruling, and an exception to the ruling; otherwise the bill is incomplete and cannot be considered. Unless the ruling of a trial judge is stated in a bill, it is obvious that nothing is presented to this court for review.

[2] The bill of exceptions, after quoting the language used by the district attorney, reads as follows:

"To which statement of the district attorney, counsel for the defendant objected and reserves this bill of exception to the ruling of the trial judge, and tenders same for signature."

No particular action by the court is recited in any part of this bill, and we are satisfied that no ruling was in fact made by the judge a quo, as the minutes state:

"In this case after the jury had been impaneled and sworn and the evidence for the state partly introduced, a jury on another case came into open court, and in the presence of the jury in this case returned a verdict of not guilty in the case which they had under consideration. The district attorney in open court and in the presence of this jury made certain remarks about discharging the jury, which defendant construed as being prejudicial to his case, to which remark defendant, Joe Smith, through his counsel, Gordon W. Goodbee, excepted and reserved a bill of exception."

No ruling by the court is shown in the minutes.

In the case of State v. Poree, 136 La. 942, 68 South. 84, an objection was made to the statement of the assistant district attorney and a bill of exceptions reserved. The court said:

"Bills of exceptions can only embrace those exceptions which are reserved to the ruling or decision of a judge on the trial of a cause before him. As there was no ruling invoked by counsel for the defendant to the remark referred to, the bill of exceptions is incomplete, and cannot be considered. The trial judge made no ruling, and there is nothing before the court to be reviewed." State v. Schuermann, 146 La. 112, 83 South. 426.

In the case of State v. Mack, 45 La. Ann. 1155, 14 South. 141, it is said, alluding to a complaint made by the accused of a remark by the district attorney to the jury:

"The bill of exception states that the accused excepted to it, and that the court did not charge the jury to disregard said statement. There was no demand made on the judge to stop the argument or to charge the jury to disregard the statement, and no refusal on his part to comply with any request made on him in respect to it. Had the accused desired any action on the part of the judge he should have

asked it." State v. Johnson, 119 La. 132, 43 South. 981; State v. Procella, 105 La. 519, 29 South. 967.

The mere objection by counsel of defendant to the remarks of the district attorney and the reservation of a bill was not sufficient. In addition to this, it was necessary for his counsel to have requested some action by the court in the matter.

[3] While no such request is necessary in extreme cases, as where the prosecuting officer has appealed to race prejudice, or has commented on the failure of the accused to testify in his own behalf, or when he has made repeated remarks requiring counter instructions, especially in capital cases, as instructions in such cases cannot cure the error committed by the prosecution, yet it is the general rule that the verdict of a jury should not be set aside on account of improper remarks by the prosecuting officer, when the judge has cautioned the jury to disregard such remarks; the presumption being that such instructions neutralize the prejudicial effects of such remarks upon the jury. State v. High, 122 La. 530, 47 South. 878; State v. Washington, 136 La. 859, 67 South. 930; State v. Bessa, 115 La. 264, 38 South. 985; State v. Robinson, 112 La. 939, 36 South. 811; State v. Easley, 118 La. 691, 43 South. 279; State v. Mitchell, 119 La. 379, 380, 44 South. 132; State v. Heidelberg, 120 La. 300, 45 South. 256.

The statement of the district attorney in this case referred directly to the action of a jury in another case, and was more a passing ebullition of temper than anything else. The trial judge evidently regarded the statement made by the prosecuting officer in this light, and took no action in the matter, as he did not consider the situation serious enough to demand it. As the remarks made by the state's attorney do not fall in the category of the extreme or exceptional cases cited above, it was the duty of counsel for

defendant to have requested some action upon the part of the trial judge in order to remove any prejudice, if there was any, which this language may have created in the minds of the jury. Counsel's failure to do so impresses us with the belief that he did not consider at the time that any actual harm had resulted to his client from the incident.

The motion in arrest based on the ground that the indictment sets forth no crime known to the laws of this state is without merit, as the indictment sufficiently charges defendant with having in his possession stolen goods, knowing them to have been previously stolen.

The motion for new trial presents no additional grounds for our review.

The judgment appealed from is therefore affirmed.

DAWKINS, J., concurs in the decree.