STATE, Respondent, v. KRAMER, Appellant.

(206 N. W. 468.)

(File No. 5572.   Opinion filed December 9, 1925.)

1. **Criminal Law—Trial—Appeal and Error—Error in Admission of Evidence Not Considered in Absence of Exception.**

   In absence of proper exception to admission of evidence, any error therein will not be considered, in view of Rev. Code 1919, Sec. 4936.

2. **Criminal Law—Evidence—Intoxicating Liquors—Admission in Evidence of Portions of Liquor Found on Accused's Premises Not Error.**

   In prosecution for unlawful possession of liquor, admission of portions of liquor found on premises of accused held not error, especially when liquor was part of that found in kegs, already admitted without objection.

3. **Criminal Law—Appeal and Error—Assignments of Error—Assignment to Exclusion of Evidence Not Considered in Absence of Sufficient Show of Surrounding Circumstances.**

   Appellate court will not review an assignment of error on exclusion of evidence, where no sufficient part of record' is set out showing what objection was and why ruling was prejudicial.

4. **Criminal Law—Intoxicating Liquor—Holy Wine—Testimony That All Knew Wine Found on Premises Was Holy Wine Inadmissible.**

   In prosecution of orthodox Jew for violating liquor law, testimony of his daughter that they all knew wine found on premises was "holy wine" held a conclusion of witness, and properly stricken out.

5. **Intoxicating Liquors— Instructions— Presumptions — Instruction That Finding of Intoxicating Liquor in Possession of One Not Properly Authorized is Presumptive Evidence of Violation of Law Not Error.**

   Where defendant admitted that liquor found in his possession was made by his wife, but claimed that it was sacramental wine, instruction that proof of finding of intoxicating liquor in possession of accused in any place, unless possession was legally authorized, was presumptive evidence of violation, held not error, in view of Laws 1921, c. 272, Sec. 4, requiring vinous liquors for sacramental purposes to be procured in manner provided.

6. **Intoxicating Liquors—Instructions—Search Warrant—Instruction That Fluid Poured Out When Premises Were Searched is Prima Facie Intoxicating Not Error Under Evidence.**

Where there was sufficient evidence that liquor was poured out and destroyed while premises were being searched, instruction that on such destruction fluids would be held to be prima facie intoxicating liquor, and intended for unlawful sale, **held** not error, in view of Rev. Code 1919, Sec. 10333.

7. **Criminal Law— Instructions— Intoxicating Liquors— Instruction on Illegality of Furnishing Liquor to Family Held Not Prejudicial, Though Erroneous.**

In ·prosecution for violation of liquor laws, an instruction that it was unlawful for father to furnish intoxicating liquor to his family, except as a priest for sacramental purposes, was erroneous, but not prejudicial, where accused was not on trial for furnishing intoxicating liquor to his family.

8. **Constituitonal Law—Intoxicating Liquors—Requiring Orthodox Jew to Procure Sacramental Wine in Particular Way Not Violative of His Constitutional Rights.**

To require orthodox Jew to procure wine for sacramental purposes, as provided by Laws 1921, c. 272, is not violative of constitutional right to worship ·God according to dictates of his conscience.

.9. **Intoxicating Liquors—Appeal and Error—Evidence Sufficient to Justify Conviction.**

In prosecution of orthodox Jew for violation of the liquor laws, defended on the ground that wine found on his premises was for sacramental purposes, evidence **held** sufficient to sustain conviction.

Appeal from Circuit Court, Brookings County.

Maurice Kramer was convicted of having violated the intoxicating liquor law, and he appeals. Affirmed.

*Hall & Purdy,* of Brookings, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

(1)  To point one of the opinion, Respondent cited: State v. Harbour, 27 S. D. 46.

(5) ˙ To point five, Respondent cited: State v. Humphrey, 42 S. D. 512; Culver v. Burnside (S. D.), 190 N. W. 804; Crane v. Campbell, 245 U. S. 304, 62 L. ed. 304.

(8)  To point eight, Respondent cited: McDowell v. Board of Education, 172 N. Y. S. 590; Reynolds v. United States, 98 U. S. 145, 25 L. ed. 244.

DILLON, J.   The plaintiff, state of South Dakota, informed against defendant, Maurice Kramer, on a charge of having violated the intoxicating liquor laws of the state of South Dakota. In May of 1923, the sheriff of Brookings county, this state, with a search warrant for intoxicating liquors, visited the home of defendant and searched the premises for liquor. The sheriff was accompanied by a deputy sheriff and a prohibition officer. Two kegs of liquor were located in the basement (Exhibits 1 and 2). Each keg was about half full, one analyzing 10.6 per cent alcohol by volume and the other 12.3 per cent. The state's attorney of Brookings county, this state, charged the defendant with keeping intoxicating liquor for the purpose of evading the provisions of the intoxicating liquor laws of the state of South Dakota. Defendant interposed a plea of "not guilty." The case came up for trial, and the facts established by the evidence were as follows: In addition to the two kegs mentioned above, the sheriff found a quart bottle in the bedroom "containing probably four ounces of red liquid, or brown liquid, looked like liquor." When this bottle was seized, the defendant urged his wife and daughter to get this bottle, and the daughter beat the hand of the sheriff with a hair-brush to make him drop the bottle, and the bottle was broken. The sheriff investigated some liquid, which smelled "strong of alcohol," and which dripped from the floor above into the basement, but he could not find where it came from. A member of defendant's household threw a boiler of water on that which dripped into the basement, and "it ran into the sewer." There were a great many jugs and bottles around the premises. A tumbler of "whitish" colored liquid was found on the dresser in one of the bedrooms, and, when the deputy sheriff reached for it, defendant's daughter grabbed it and threw it out of the window. Defendant dropped a jug in the yard, which smelled strongly of alcohol, and there was a wet spot on the ground by the jug. The jury found the defendant guilty as charged in the information. Defendant moved for a new trial, which motion the lower court denied, and pronounced judgment and sentence of $300 fine and costs and 30 days' imprisonment. It is from such judgment and order denying a new trial that this appeal is taken.

Appellant is an orthodox Jew, and his chief contention is that the liquor found in his possession was used for sacramental

purposes only, and was therefore not in violation of the intoxicating liquor laws of the state of South Dakota.

Respondent contends that the possession of the liquor found on appellant's premises was unauthorized, and therefore was a violation of the intoxicating liquor laws of the state of South Dakota.

[1] Appellant assigns as error No. 1 the admitting by the court of Exhibits Nos. 1 and 2 as evidence. However, since appellant failed to make exception to these exhibits in the proper manner this assignment will not be considered. Section 4936, R. C. 1919; State v. Harbour, 27 S. D. 46, 129 N. W. 565.

[2] The second and third assignments of error relate to the admissibility of Exhibits 3, 4, and 5 as evidence. We think that this was all competent evidence, and we hold that no error was predicated by the admission of such evidence. Exhibits 4 and 5 were portions of Exhibits 1 and 2, already received in evidence, and against which no exception was taken by appellant.

[3] Assignment No. 4 alleges the trial court erred in sustaining the state's objection to the question asked of one of appellant's witnesses as follows: "Now, Rabbi Hess, tell us what the origin of these requirements was." Appellant has wholly failed to set out a sufficient part of the record to show what the objection was and why the ruling was prejudicial. This court will not review a ruling of the lower court upon an assignment of error alone. State v. Shepard, 30 S. D. 219, 138 N. W. 294.

[4] In assignment No. 5, appellant contends that the lower court erred in striking out the following testimony of appellant's daughter: "They all knew it was holy wine." This was a conclusion of the witness, and as such was not admissible.

[5] In assignments Nos. 6, 7, and 8, appellant predicates error in instructions No. 3, 4, and 10 to the jury. Instruction No. 3 reads as follows:

"You are further instructed that a proof of finding of intoxicating liquor in the possession of accused, in any place, unless in the possession of one legally authorized to sell or possess, shall he received and acted upon by the court or judge as presumptive evidence that such liquor was kept contrary to the provisions of the intoxicating liquor law of this state."

Chapter 272, Session Laws of 1921, is an act regulating the sale, purchase, and transportation of vinous liquors for sacramental purposes. Section 4 of this chapter provides that:

"It shall be lawful for any priest or minister regularly employed by any religious organization or association within the state of South Dakota to keep and have in his possession and to carry with him any vinous liquors for sacramental purposes only which have been procured in the manner herein provided."

Defendant, in his testimony, admitted that the liquors found in his possession were made by his wife in his home.

[6] Instruction No. 4 reads as follows:

"You are further instructed that if fluids be poured out or otherwise destroyed by the tenant, assistant, or other person, when the premises are searched, or about to be searched, manifestly for the purpose of preventing their seizure, such fluids shall be held to be 'prima facie' intoxicating liquor and intended for unlawful sale."

Section 10333, R. C. 1919, provides that:

"If fluids be poured out or otherwise destroyed by the tenant, assistant or other person when the premises are searched or about to be searched, manifestly for the purpose of preventing their seizure, * * * such fluids shall be held to be prima facie intoxicating liquor and intended for unlawful sale."

There is sufficient evidence in the record to prove that liquor was poured out and destroyed by members of defendant's household. The record shows that a quart bottle containing a liquid that looked like liquor was broken; a glass containing a "whitish" liquid was thrown out of the window; a boiler of water was thrown on some liquid that dripped into the basement from the floor above, and which smelled like liquor; and a jug, smelling of alcohol, was found in the yard near a wet spot on the ground, the jug, presumably, having been emptied.

[7] Instruction No. 10 reads as follows:

"The court instructs the jury that it is unlawful for the father of a family to give away or furnish to his family any intoxicating liquor, unless that father of said family is a priest or minister, and has obtained said liquor in the manner provided by the laws of this state, which provide that it shall be obtained by such priest or minister upon order from the state sheriff of this state, and

then such priest or minister can use such liquor, which the law prescribes must be vinous liquor, for sacramental purposes only."

We fail to see in what manner the above instruction could be prejudicial to appellant, since he was not on trial for furnishing intoxicating liquor to his family. It might be well, however, in passing, for this court to state that this instruction was error in itself, since the United States Supreme Court has held that it is not unlawful for a person to give to members of his family, or to guests, intoxicating liquor 'which he may have had on hand in his home at the time the prohibition law went into effect. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. ed. 151, 10 A. L. R. 1548. The instruction quoted above would deny that right.

[8] In assignments of error Nos. 9, 10, 11 and 12, appellant predicates error on the court's refusal to give four certain instructions requested by him. In general, these requested instructions pertain to the constitutional right of defendant to worship God according to the dictates of his conscience, and the contention that the wine found on appellant's premises was kept for the sole purpose of using it for sacramental purposes, prescribed by his religious organization, and not to evade the liquor law. We wholly fail to see where the constitutional right of appellant to worship God according to the dictates of his own conscience has, in any way, been infringed. Granting that appellant was priest of his own family, and it was necessary to have wine for certain religious sacraments, as designated by his organization, the wine could have been procured in the manner provided for by provisions of chapter 272, S. L. 1921. This act was enacted for the very purpose of providing a lawful means by which wine for sacramental purposes might be procured. Appellant, however, made no attempt whatever to comply with the law. McMasters v. State (Okl. Cr. App.), 207 P. 566, 29 A. L. R. 292. "No one can stretch his liberty so as to interfere with that of his neighbor, or violate police regulations of the penal laws of the land, enacted for the good order and general welfare of all the people." Reynolds v. U. S., 98 U. S. 145, 25 L. ed. 244. "Laws are made for the government of actions, and, while they cannot interfere with mere religious beliefs, * * * they may with practices."

[9] We think that defendant had a fair trial and that the evidence was sufficient to justify the verdict of the jury.

The judgment and order denying appellant's motion for a new trial are affirmed.

CAMPBELL, J., concurs in result.