STATE, Respondent, v. SJOBERG, Appellant.

(223 N. W. 320.)

(File No. 6600.   Opinion filed January 26, 1929.)

*Turner & McKenna,* of Sisseton, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

MORIARTY, C. The appellant was convicted of the crime of statutory rape, and he appeals from the judgment and from an order denying a new trial.

Appellant's brief presents assignments of error as follows:

(1) That the trial court erred in allowing the witness Dr. Peterson to testify that, from his knowledge of medicine and obstetrics, and from his experience along that line, the usually accepted limitations of the period of gestation is anywhere between 250 and 290 days.

(2) That the trial court erred in refusing to strike out certain testimony of the prosecutrix relating to alleged acts of intercourse with the defendant at a time subsequent to that alleged in the information, and relied upon by the state.

(3) That the trial court erred in giving to the jury certain instructions objected to by the defendant, and in denying defendant's request for the giving of certain instructions.

(4) That there was misconduct of the state's attorney sufficient to entitle defendant to a new trial.

(5) That the evidence is insufficient to justify the verdict.

Believing that brevity and clearness will be enhanced by so doing, we will first consider the question of the sufficiency of the evidence.

The prosecutrix testified as follows: On July 24, 1926, she and the defendant were both present at a barn dance which was being held in the neighborhood in which they lived. Some time between midnight and 1 o'clock on the night of the dance defendant asked the prosecutrix to take a ride with him, and she consented.

The defendant drove up near the entrance of the dancing place in a certain Star coupe in which he had come to the dance and which he customarily drove. The prosecutrix got into the car with the defendant; he drove south about a half a mile, turned his car out of the road a little way, and there committed the act complained of. The parties then went back to the dancing place, and there remained until the dance ended. They had been acquainted for several years prior to this occasion, but had not "kept company" with each other. They did not come to the dance together nor go home together. On April 3, 1927, the prosecutrix gave birth to a male child, which seemed to be a normal child at the time of its birth, and which was present at the trial. Prosecutrix testified that defendant was the only man with whom she had intercourse.

One Dr. Peterson testified that he attended the prosecutrix at the time her child was born, that it appeared to be a normally developed infant, and that the usually accepted period of gestation is from 250 to 290 days.

Three witnesses testified that they saw the prosecutrix get into the defendant's car at the time and place testified to by her, and that they saw the car return and defendant and prosecutrix get out of it 20 or 30 minutes after it was driven away.

The facts that both parties were at the dance on the night of July 24, 1926, that defendant came in his Star coupe, that the parties did not come together or go home together, that prosecutrix was not the wife of the defendant, that she was under the age of consent, and that she gave birth to a child on April 3, 1927, are not disputed.

Defendant denied that he took the prosecutrix riding on the night of the dance, or that he ever had sexual intercourse with her. Several of defendant's witnesses disputed the testimony that defendant's car was driven away from the dancing place during the night of the dance. Some of the defendant's witnesses testified that the night was so dark that those who testified as to seeing defendant's car go away and return could not have seen what they testified they had seen. A doctor called on behalf of the defendant testified that the normal period of gestation is 280 days, that, if a birth took place 253 days after conception, it would be an unusual case, and that he would expect that the child would not be fully developed.

■ While the record shows a sharp conflict of evidence, the state's evidence, if believed by the jury, amply supports the verdict, and the credibility of witnesses and the weight of the evidence are questions for the jury.

■ As to the evidence given by Dr. Peterson, this witness qualified as a graduate physician, licensed to practice in this state. Throughout the trial, defendant's counsel contended that the child born only 253 days after July 24, 1926, could not have resulted from intercourse had when prosecutrix testified to intercourse with the defendant. When a question of this kind is at issue, evidence such as that given by Dr. Peterson is properly admitted. Kesselring v. Hummer, 130 Iowa, 145, 106 N. W. 501; Souchek v. Karr, 78 Neb. 488, 111 N. W. 150; Masters v. Marsh, 19 Neb. 458, 27 N. W. 438; Sang v. Beers, 20 Neb. 366, 30 N. W. 258; Stoppert v. Nierle, 45 Neb. 105, 63 N. W. 382; In re McNamara's Estate, 181 Cal. 82, 183 P. 552, 7 A. L. R. 313.

■ As to the trial court's refusal to strike out the evidence of the prosecutrix as to intercourse with defendant after July 24, that evidence was elicited by defendant's counsel on cross-examination, and before the motion to strike was made defendant had testified that no such intercourse took place. Under such circumstances, the motion was properly denied.

■ As to the instructions given by the court and objected to by the defendant, we deem it necessary to consider only two of these instructions. The court gave the following instruction: "The Court instructs the jury in this connection that if you believe that any witness in this case has knowingly sworn falsely to any material matter in this case, you may reject all of the testimony of any such witness."

Defendant's objection to this instruction was based upon the theory that the instruction should be qualified by stating that the jury might reject all the testimony of such witness except such portions as were corroborated by other substantial evidence.

This court has established the rule in this state to be that no such qualification is required where the instruction as given limits its effect to the testimony of witnesses whom the jury believes to have "knowingly" or "willfully" testified falsely. State v. Sexton, 10 S. D. 127, 72 N. W. 84; Hurlbut v. Leper, 12 S. D. 321, 81 N. W. 631; State v. Raice, 24 S. D. 111, 123 N. W. 708.

The court also instructed the jury that, "as it is not disputed that Tillie Johnson was never the wife of the defendant and that at the time of the commission of the alleged offense she was under the age of eighteen years, the sole question or issue for the jury to decide and determine by their verdict is whether or not the defendant had sexual intercourse with the said Tillie Johnson at the time and at the place charged in the information and when you have decided this question you have decided the whole case."

This was objected to on the ground that it took from the jury questions of fact of which the jury is the sole judge. It is error for the trial court to take from the jury any question of fact put at issue by a plea of not guilty, but such error does not justify a reversal if it appears that the giving of the instruction could not in any manner prejudice the defendant. State v. Kramer, 49 S. D. 56, 206 N. W. 468; State v. Bjelkstrom, 20 S. D. 1, 104 N. W. 481; State v. Wright, 15 S. D. 628, 91 N. W. 311; State v. Barnes, 51 S. D. 277, 213 N. W. 504; State v. Morgan, 42 S. D. 517, 176 N. W. 35; section 5044, Revised Code of 1919.

In this case there were but two other questions at issue besides the question whether the defendant committed the act at the time and place stated in the information. Those questions were: Was Tillie Johnson under 18 years of age when the act was committed; and was she the wife of defendant at that time? Both of Tillie Johnson's parents testified that she became 15 years of age in February, 1927; this evidence was not disputed or questioned in any way. Defendant himself testified that he married another woman on November 11, 1926.

With the record showing this evidence, it is apparent that any error there may have been in the instruction complained of could not have prejudiced the defendant.

As to the misconduct of the state's attorney, the record shows that in his closing argument to the jury the prosecutor, speaking of the child born to Tillie Johnson, said: "If Oscar Sjoberg is not the father of this child then who is the father of this child?" Upon objection to this remark being interposed, the trial court admonished the jury as follows: "The Court considers the statement improper and admonishes the state's attorney to refrain from making statements of that sort because that is not in issue in this case. The jury, of course, will disregard any such statement of the attorney."

At another stage of his argument, the state's attorney referred to one Holman, an important witness for the defense, as being a drunkard and a "know nothing." Upon defendant's counsel taking exception to this, the trial court said: "Gentlemen of the jury, you will disregard the remarks of the attorney so far as the witness Holman is concerned in charging him with being a drunkard and a 'know-nothing' because the Court is of the opinion there is no evidence of that sort that warrants the conclusion and the jury will wholly disregard the statement of the attorney."

And, in the formal instruction given to the jury, the trial court instructed the jury that, while the fact that a child was born to the complaining witness was conclusive evidence that she had sexual intercourse with some man, it was not corroborative of her testimony that defendant is the father of the child; and further instructed them that, if counsel in their zeal "mistake or misstate the evidence given on the trial, you are to follow the evidence and not any erroneous statement of counsel."

While it is to be regretted that counsel should embarrass courts and juries by unwarranted statements, and the conduct of the state's attorney in the trial of this case should be rebuked, the trial court's admonition was such as is generally held to be curative of the attorney's misconduct. 16 C. J. pp. 917 and 918; State v. Julius, 29 S. D. 638, 137 N. W. 590; State v. Sonnenschein, 37 S. D. 585, 159 N. W. 101; City of Sioux Falls v. Marshall, 49 S. D. 476, 207 N. W. 475; State v. Lahman, 43 S. D. 285, 178 N. W. 984; State v. Smith, 153 La. 251, 95 So. 707; State v. Powers, 180 Iowa, 693, 163 N. W. 402; People v. Lee, 34 Cal. App. 702, 168 P. 694; State v. Pelser, 182 Iowa, 1, 163 N. W. 600; State v. Taylor, 293 Mo. 210, 238 S. W. 489; State v. Wright, 192 Iowa, 239, 182 N. W. 385.

The trial court had all the facts before it when it denied defendant's motion for a new trial, and it does not appear that there was any abuse of discretion in such denial. Under such circumstances, the action of that court should not be reversed.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.