(83 South. 374)

No. 23801.

STATE v. McGUIRE.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⬤�longrightarrow518(2)—CONFESSION IN ABSENCE OF WARNING.

That confession was made while accused was handcuffed and in jail, and without any warning having been given him that whatever he might say would be used against him on his trial, did not render confession inadmissible, where otherwise free and voluntary.

2. CRIMINAL LAW ⬤�longrightarrow814(3) — INAPPLICABLE INSTRUCTIONS.

A judge is not required to give a special charge inapplicable to the facts of the case.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; H. M. Wallis, Jr., Judge.

Eli McGuire was convicted of murder, and he appeals. Affirmed.

H. M. Bourg, of Houma, for appellant.

A. V. Coco, Atty. Gen., and J. A. O. Coignet, Dist. Atty., of Thibodaux (T. S. Walmsley, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused was convicted of murder, and sentenced to be hanged, and has appealed.

[1] He voluntarily confessed on two occasions—a first time, on the train, to the deputy sheriff having him in charge, handcuffed, bringing him back from a distant city, whither he had fled; a second time, in jail, to the sheriff. The admission of the confessions in evidence was objected to on the ground that they were made while the accused was handcuffed and in jail, and without any warning having been given him that whatever he might say would be used against him on his trial. That because of these reasons a confession, otherwise free and voluntary, is not inadmissible, is well settled. State v. Hogan, 117 La. 863, 42 South. 352.

[2] A third bill of exception was taken to the refusal of the judge to give the following special charge:

"Marital infidelity on the part of the deceased does not excuse the crime or justify the killing, but reduces the crime to manslaughter, if the killing is done in the heat of passion as a result of such conduct."

The per curiam of the judge reads:

"I refused to give this charge as requested, because it was not applicable to the facts of the case. There was no proof before the jury of the 'marital infidelity' of the deceased (wife of accused), and even though the requested charge was a correct statement of the law on the subject, it was inapplicable to the facts submitted to the jury, and would have been simply charging the jury on an abstract principle of law."

Citation of authority cannot be necessary for the proposition that the judge is not required to give a special charge inapplicable to the facts of the case.

Judgment affirmed.