**19 So.2d 28**

**STATE v. REED.**

No. 37486.

May 22, 1944.

Rehearing Denied June 26, 1944.

John R. Hunter & Son, of Alexandria, for defendant-appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Ben F. Thompson, Dist. Atty., and Walter M. Hunter, Asst. Dist. Atty., both of Alexandria, for appellee.

ROGERS, Justice.

The defendant was prosecuted and convicted for the crime of aggravated battery which is denounced by Article 34 of the Criminal Code. He was sentenced to serve six months at hard labor in the penitentiary, and has appealed on ten bills of exception.

The first bill was reserved to the overruling of a motion for a continuance based upon the absence of two alleged material witnesses, one a private soldier stationed at Camp Livingston, Louisiana, and one a resident of Glenmora in Rapides Parish.

It is alleged in the motion that the sheriff of Rapides Parish returned he was unable to make service on the soldier who was absent on a furlough and on the other witness who was reported to be temporarily out of the State.

The reason the judge refused the continuance was that the district attorney admitted the witnesses, if present, would testify as set forth in the motion.

Notwithstanding the allegations of the motion and the admission of the district attorney, the statements of the absent witnesses and the testimony which the defendant represented they would give was not read to the jury or mentioned at the trial.

As shown by the per curiam of the judge, many of the witnesses in the case were soldiers who would shortly be sent to different parts of the world, and if a continuance were granted, it was extremely doubtful whether defendant ever could be brought to trial.

We find no error in the ruling complained of. Article 325 of the Code of Criminal Procedure provides that when either the district attorney or the defendant admits that an absent witness, if present, would testify as set forth in the motion for a continuance, the judge shall not grant the motion. The defendant in this case was not denied his right to compulsory process to procure the attendance of

his witnesses and there is no assurance or showing that the attendance of the witnesses could be procured, if more time was allowed for that purpose. State v. Ussery, 178 La. 593, 152 So. 302.

 The second bill involves defendant's complaint that the judge overruled his challenge to the competency of a juror on the ground of deafness. The judge refused defendant's request to excuse the juror because he found from his examination of the juror, before he was accepted, that the juror's hearing was not seriously impaired and that he could hear very easily counsel and the judge who were speaking in moderate tones. The judge shows in his per curiam that the juror sat within a few feet of the witness stand and had no difficulty in hearing the testimony and that although the judge requested the juror to notify him in the event he could not hear any of the testimony, the juror at no time made known his inability to hear all the testimony.

Article 172 of the Code of Criminal Procedure provides that the judge is vested with discretion to determine whether a juror suffering from a physical infirmity is competent to serve in a particular case. The discretion vested in the judge by the code article should not be interfered with except in case of abuse, and we find none here. State v. Scarborough, 152 La. 669, 94 So. 204; State v. Carricut, 157 La. 140, 102 So. 98.

In order to understand the other bills, it is necessary to know the salient facts of the case which are briefly set forth by the judge as follows:

"The accused was in a cafe in what is known as Boomtown, which is adjacent to Camp Claiborne, one of the large military camps in this area. The accused had made some advances to one of the waitresses therein and had caught her by the arm and pulled her over the counter at which time Sergeant Arriaga requested of the accused to desist and an argument ensued in the restaurant. It finally resulted in an invitation from one to the other to walk on the outside and settle the matter. Arriaga testified before the jury that he was cursed and invited on the outside and that they were to settle it by a fair fight with their fists. This was not contradicted. They went on the outside and the back and side of the restaurant. There were one or more civilians there and several soldiers. When they reached the point to the rear and to the side of the restaurant the accused, Reed, pulled from his bosom a forty-five calibre automatic army pistol and fired five or six shots, five of which took effect in the body of Arriaga. The shot soldier fell to the ground and several persons gathered about him and soon an ambulance came and conveyed him to the hospital. His testimony was taken in the hospital."

 The third bill has reference to the testimony of one Blake. The purpose of the testimony, as offered by the State, was to show that the defendant was armed with a pistol at a saloon, in the City of Alexandria, a few hours before Arriaga was shot. The defendant objected to the admissibility of the testimony on the ground that it was irrelevant and that it was not a part of the res gestae.

The defense in the case was that although the difficulty took place between Reed and Arriaga, Reed did not fire a single shot, notwithstanding evidence to the contrary, and did not admit the ownership of the pistol. Blake, the State's witness, testified that a few hours before the shooting the accused Reed was in a saloon in the City of Alexandria and that he was armed with a pistol and in a mood to shoot in the event he became involved in an argument.

We find no error in the ruling complained of. The testimony of Blake was admissible to show that the defendant was able and prepared to commit the offense with which he was charged.

In Wharton's Criminal Evidence, 11th Ed., Vol. 1, sec. 277, p. 351, we find the following statement of the general rule covering the question raised by defendant's objection to the admissibility of the testimony, to-wit: "Any circumstance showing that the accused contemplated or made preparation to commit a crime, where such conduct has an obvious connection therewith, is relevant on the part of the prosecution. Thus it is relevant to show * * * that witness felt pistol on the accused's person just before the shooting, and asked him what he was going to do with it." And this Court has held in a murder prosecution that testimony that an accused has cashed a check, armed himself, and stated he was going to the town where the deceased lived was relevant. State v. Smith, 193 La. 665, 192 So. 92. This Court has also held, where the deceased was shot with a pistol of a certain caliber, testimony showing that within a few months before the homicide the accused possessed a pistol of the same caliber as that by which the deceased was killed, was relevant. State v. Aspara, 113 La. 940, 37 So. 883.

In State v. Bankston, 165 La. 1082, 116 So. 565, which involved a prosecution for robbery, this Court held it was competent for the State to prove that on the day or night preceding the robbery, defendant borrowed the pistol which was identified as the one used in the perpetration of the crime.

The five succeeding bills embrace the same legal proposition. They make the complaint that by the cross-examination of one Robbins, a witness for the defendant, and by the offer of testimony of the witnesses named in the bills to contradict the testimony of Robbins, the district attorney, over defendant's objection, was permitted to prove a conversation occurring out of the presence of the defendant and that the testimony was hearsay.

The testimony was properly admitted. The statements of the trial judge contained in the per curiam attached to each of the bills, disclose that Robbins, on direct examination, testified that he was driving a taxi and that he drove up to the scene of the shooting; that the defendant was at the front of the building and was not at the place where the shooting occurred, and that the defendant did not do the shooting. On cross-examination, Robbins was asked, over defendant's objection, if he had not told a witness named Brown that Brown could pick up some easy money by testifying that he had driven up in the taxi of

Robbins just prior to or at the time of the shooting and that he would be told at a later date at a house they would meet in just what to testify to as Robbins wanted everybody's testimony to be the same. Robbins denied that he had made Brown any such proposition. Brown, who was offered by the State as a witness in rebuttal to impeach Robbins, testified over defendant's objection that Robbins had made him the proposition referred to in the question which the district attorney propounded to Robbins.

When Robbins was under cross-examination, he was asked if he had not made a statement to three deputy sheriffs that he expected to be summoned as a witness in the case, but that he had not seen anything and did not know anything about the case. Robbins denied having made such a statement and the deputy sheriffs were placed on the stand to establish the fact that he had made the statement.

The purpose of the district attorney in seeking to impeach the testimony of Robbins was to discredit him and lessen the weight of his testimony by exposing his willingness to testify falsely and his attempt to procure perjured testimony on behalf of the defendant.

It is fundamental and statutory that a witness may be impeached by showing his interest or corruption and by proof of any statement made by him contradictory to his testimony. Code Crim.Proc. arts. 492, 493.

Defendant concedes that the proper foundation for impeaching Robbins was

properly laid, but he takes the position that the testimony was admissible for the purpose only of impeaching the witness and under the instruction of the judge that the testimony was not to be considered against the defendant, and that no such instruction is to be found in the record.

■■ In support of his contention, defendant cites Wharton's Criminal Evidence, 11th Ed., Vol. 3, par. 1355, p. 2236, and State v. Paul, 203 La. 1033, 14 So.2d 826. But according to the text of Wharton's work and the decision in State v. Paul, it is only where the inconsistent statements of the witness sought to be impeached tend to incriminate the defendant that the jury should be instructed to consider only their impeaching effect. In this case, there was no attempt on the part of the State to present to the jury the prior statements of Robbins as substantive evidence against the defendant. There was nothing in the statements implicating Robbins and the defendant, or to show that defendant had any connection with the misdeeds charged to Robbins. The attack of the district attorney was made upon Robbins and not upon the defendant and therefore the trial judge was not required to instruct the jury that the testimony impeaching Robbins was not to be considered against the defendant.

■ The ninth bill was reserved to the refusal of the trial judge to charge the jury on the law of self-defense. The trial judge refused the requested charge on the ground that there was no element of self-defense involved in the case. We quote from the statement per curiam attached to

the bill as follows: "The Court did not instruct the jury on the law of self-defense for the reason that it was entirely inapplicable to the case. The defense was that the accused, Larry Reed, did not do the shooting. There was no evidence whatever in the entire case indicating that any attack was made upon the accused, Larry Reed, by the injured soldier. There was no evidence of any kind indicating that the injured soldier had a dangerous weapon of any kind or attempted to use any. The evidence was to the effect that without any adequate provocation the soldier was shot five times. The counsel for the defendant did not urge any element of self-defense before the jury and took the position that his client did not do the shooting."

■ Article 385 of the Code of Criminal Procedure provides that the trial judge shall charge the jury on the law applicable to the case. An instruction should not be given to the jury upon a theory to which the evidence affords no support. State v. Matthews, 111 La. 962, 36 So. 48. See to the same effect, State v. Burch, 170 La. 812, 129 So. 212; State v. McGuire, 146 La. 49, 83 So. 374.

We find no error in the ruling complained of. As shown by the per curiam of the judge, a charge on the law of self-defense would not have been relevant under the facts developed on the trial of the case.

The tenth and last bill was reserved to the overruling of defendant's motion for a new trial. The motion set forth the alleged errors covered by the other bills of

exception which we have hereinabove discussed and disposed of.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

PONDER, J., takes no part.