HAWTHORNE, Justice.
 

 The defendants, O. P. Moore, T. H. Phillips, Alvin Gray, and George Williams, all Negroes, were indicted by the grand jury for the Parish of Natchitoches for the attempted murder of Webb J. Edmonds, a. white man, by beating and kicking him, and were placed on trial before an all white
 
 *474
 
 jury. George Williams and O. P. Moore were adjudged guilty as charged and were sentenced to hard labor in the state penitentiary for a period of one year and three years, respectively. T. H. Phillips and Alvin Gray were found guilty of aggravated assault, and each was sentenced to a term of six months in the parish jail. From their conviction and sentences all of these defendants have appealed.
 

 Webb J. Edmonds, a white man, on the date charged in the indictment, went to a Negro nightclub, located at Clarence in the Parish of Natchitoches, in the early morning hours. While there he became involved in a difficulty with all of these defendants as well as other persons. During this altercation the prosecuting witness, Edmonds, drew a gun and shot one of the accused, Moore, in the leg. Thereupon Moore and several other Negroes knocked Edmonds down and beat, struck, and kicked him severely.
 

 During the trial, the State placed upon the witness stand a Negro, Alex Dumas, who was involved in the fight and who had previously pleaded guilty to the offense charged against all these defendants. In the course of his examination, in the presence of the jury, the district attorney said to this witness, “Then you struck him because he was a white man.” Counsel for defendants objected to this statement as being prejudicial to the rights of the accused and reserved a formal bill of exception. The basis of counsel’s objection, as stated in the motion for a new trial, is that, in view of the fact that defendants were Negroes and the prosecuting witness was a white man, they were deprived by the district attorney’s remark of a fair trial as guaranteed by the Constitution of the United States and this state.
 

 Since all of these defendants were Negroes and were being tried for the attempted murder of a white man before a jury composed entirely of members of the white race, and since the witness himself, a Negro, had been charged with the same crime and had previously pleaded guilty thereto, in our opinion the remark of the district attorney, framed as a question, was an appeal to race prejudice, was highly prejudicial to the rights of the accused, and entitled them to a new trial.
 

 Appeals to prejudice by a district attorney against a defendant in a criminal prosecution, by reason of his race or color, have been generally condemned by appellate courts throughout the United States, and afford sufficient reason for reversal of conviction or the granting of a new trial.
 

 Our own Code of Criminal Procedure itself, in Article 381 dealing with the argument of counsel in a criminal case, specifically provides that counsel shall refrain from any appeal to prejudice. In our opinion it makes no difference whether such appeal to prejudice is made in argument of counsel to the jury or by means of a statement framed in the form of a .question which is heard by the jury, for in either
 
 *475
 
 event the result is that the rights of defendant are prejudiced thereby.
 

 The State in brief filed in this court has not given any reason why the question was asked or any reason why it was proper, has not given us a single citation of authority in support of its position, and has pointed out to us no reason in law why this particular case should not be governed by the rule of law that appeals by counsel against a defendant in a criminal prosecution by reason of his race or color are prejudicial and constitute reversible error.
 

 The trial judge in his per curiam stated that he “either at the time of the above 'question, or at another time during the course of the trial, instructed the jury that they were to disregard and not consider any statement made that might tend toward prejudicing their minds,” and that in his opinion “the question as asked did not prejudice the jury as to the defendants in any way.”
 

 From this per curiam we are unable to say at what time the trial judge instructed the jury to disregard and not consider any statement that might tend toward prejudicing their minds, and his statement that the quesion did not prejudice the jury as to the defendants is merely his conclusion or opinion and is not supported by any circumstances of fact showing how he arrived at such conclusion. To say the least, the per curiam is vague and indefinite as to when the instructions were given.
 

 We recognize the general rule to be that a verdict should not be set aside on account of improper remarks by the prosecuting attorney when the jury is instructed to disregard such remarks. However, even conceding that the instructions in this case were given at the time the statement was made, we think that the appeal to race prejudice constituted such an error as could not be cured by the judge’s instructions to disregard. State v. Bessa et al., 115 La. 259, 38 So. 985; State v. Washington, 136 La. 855, 67 So. 930. See also State v. Thomas, 161 La. 1010, 109 So. 819, and the very recent case of State v. Bryant, 1946, 209 La. 918, 25 So.2d 814, in both of which this rule of law was recognized.
 

 In State v. Bessa et al., supra, [115 La. 259, 38 So. 987], two Negro defendants were charged with striking the prosecuting witness, a white man, with intent to murder, and were tried before a white jury. In his opening address the district attorney called the attention of the jury to the race to which the prosecuting witness belonged,, and, although the trial judge instructed the jury to disregard the remark, this court reversed the conviction, saying in the course of its discussion of this appeal to race prejudice that, “* * * such an appeal having been once made, the effects thereof cannot be counteracted by any mere cautionary words of sober reason that may be uttered by the judge. * * * ”
 

 Having reached the conclusion that reversible error has been committed in the lower court and that defendants are entitled to a new trial, we find it unnecessary to-
 
 *476
 
 consider the other bills of exception found in the record, as the circumstances under which they were reserved will probably not arise in a subsequent prosecution.
 

 For the reasons assigned, the verdicts and •sentences of the defendants are reversed, and defendants are granted a new trial.
 

 FOURNET and CALEB, JJ., concur in the decree.