HAWTHORNE, Justice.
 

 Defendant, William Alleman, has appealed to this court from his conviction and 'sentence of death for the murder of Francis LeBlanc.
 

 During the progress of the trial the State, to the satisfaction of the trial judge, laid the proper foundation for the admission of one of numerous confessions made by the defendant, and this confession was admitted in evidence without objection on the part of defendant, who conceded that it was given voluntarily, without threats, promises, etc. While the assistant district attorney was reading this confession to the jury, he made a comment upon its contents, apparently in order to explain that the name “Lloyd LeBlanc” which appeared therein should have been the name of the deceased, “Francis LeBlanc”. Objection was immediately made by counsel for the defendant and is the basis of Bill of Exception No. 1. The court at that time instructed the assistant district attorney not to comment on the contents of the confession but to confine himself strictly to its reading, and also instructed the jury to disregard any remark or comment of the assistant district attorney.
 

 We cannot see how this comment prejudiced the accused, since he took the stand and admitted the killing of the deceased, Francis LeBlanc. Even if he were prejudiced, however, the law in this state is well settled that it is only in certain extreme cases that a charge by the judge to disregard prejudicial remarks will not be considered sufficient to remove their prejudicial effect, for the presumption is that the prejudicial effect on the jury of improper remarks made by the district at
 
 *828
 
 tomey is removed by instructions of the court to disregard them. State v. Easley, 118 La. 690, 43 So. 279; State v. Mitchell, 119 La. 374, 44 So. 132; State v. Heidelberg, 120 La. 300, 45 So. 256; State v. Smith, 153 La. 251, 95 So. 707; State v. Berryhill, 188 La. 549, 177 So. 663; State v. Bryant, 209 La. 918, 25 So.2d 814; State v. Moore, 212 La. 943, 33 So.2d 691; State v. Alexander, 215 La. 245, 40 So.2d 232, 234.
 

 In State v. Alexander, supra, this court said: “* * * To justify setting aside a verdict of a jury, approved by the trial judge, on the ground of intemperate or improper remarks made by a District Attorney, we would have to be thoroughly convinced that the jury was influenced by •such remarks, and also, that the remarks •contributed to the verdict found. * * * ”
 

 Further, Article 557 of the Code of Criminal Procedure provides that “No judgment shall be set aside, or a new trial granted by any appellate court of this state, in any ■criminal case, * * * as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the .substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.”
 

 There is therefore no merit in this bill.
 

 Over objections of the attorney for the accused, the State offered in evidence a wire recording of the interrogation by law enforcement officers of the accused on the morning following his arrest and his answers to the questions, and the recording was played to the jury. The State in its brief informs us that a wire recording is an electrical device whereby, through the means of a microphone, sound is recorded upon a wire which is wound on a spool placed on the machine, the recording being effected by an electro-magnetic process. When the recording was made, the microphone was hanging behind the defendant on a wall of a room, and the recording machine was in an adjoining room, with the microphone attached thereto by wire running through a transom of a door connecting the two rooms.
 

 Defendant’s objections are: (1) That the alleged recorded confession was not free and voluntary, and that a proper foundation for its introduction had not been laid; (2) that the manner of taking and recording this confession constituted a trap inasmuch as defendant was not told it was being recorded; (3) that a wire recording, as such, of a confession is inadmissible in evidence in this state, and (4) that this recorded confession came as a surprise to counsel for defendant, who had requested such confession prior to trial, and that its existence was withheld from counsel by the district attorney, to the defendant’s prejudice. Bills of Exception Nos. 2 and 3 were reserved to the overruling of these objections.
 

 
 *830
 
 (1) The State disclosed every fact and circumstance surrounding the making of this confession, and the record shows not only affirmatively but beyond a shadow of doubt that the statement was made freely and voluntarily by the defendant, and that he was not subjected to any treatment designed by effect on body or mind to compel the making of such statement.
 

 Counsel for defendant argues that the State did not disclose what method it used to preserve the wire recording and to insure that it-had not been tampered with. We do not agree with counsel. The State proved that, after the wire recording was made, it was in the care and custody of one of the officers and was kept locked up in the sheriff’s office, and, before this wire recording was played to the jury, the State established that it was a true and exact reproduction of everything that was said on the occasion of its recordation by all parties who were present.
 

 (2) In brief filed in this court counsel for defendant states that one of his objections was that the defendant was not told that this statement was being recorded and that the failure to make such a disclosure constituted a trap. He does not argue this objection in brief, however, and cites no authority in support of it. The State concedes that the accused did not know that the questions and answers were being recorded, but this fact would not, in our opinion, make the statement, which was freely and voluntarily given, inadmissible in evidence as a confession.
 

 It is well settled in our jurisprudence that an accused is not entitled to be informed that a voluntary confession might or will be used against him, State v. McGuire, 146 La. 49, 83 So. 374; State v. Burks, 196 La. 374, 199 So. 220; State v. Byrd, 214 La. 713, 38 So.2d 395, and authorities therein cited, and we do not see any reason why he should be entitled to be informed that his statement is being recorded.
 

 In State v. Dooley, 208 La. 203, 23 So.2d 46, the defendant, charged with incest, complained of the admitting in evidence of certain statements made by him to his daughter in the parish jail in a room in which a microphone had been installed and overheard by certain police officers in an adjoining room to which the microphone was connected. Defendant complained that he was inveigled into making these prejudicial statements against his interest by the officers, conspiring with his young daughter, the prosecutrix, and taking advantage of the confidence; love, affection, and trust which existed between them. This court concluded that these facts did not affect the admissibility of the admissions or statements, and in so holding quoted with approval from 22 C.J.S., Criminal Law, § 731, p. 1249, as follows: “The admissions and declarations of accused are not incompetent because they were received over a telephone, dictograph or detecta
 
 *832
 
 phone, where the witness receiving them •can testify that he knew and recognized his voice, or where his testimony as to the identity of the voice is sufficient to carry the question to the jury * *
 

 (3) Counsel contends that to permit a wire recording as such to he admitted in evidence would be to open the door to possible fraud and illegal evidence, in that substitutions of the recording are possible.
 

 There is no statute or rule in this state requiring a confession to be in any particular form, but before the admission in evidence of any confession, regardless of its form, the State must disclose every fact and circumstance surrounding the making thereof, must show that it was freely and voluntarily made, and must use it in its entirety. Art. 1, Sec. 11, La.Const. of 1921; Arts. 450, 451, Code of Crim.Proc. The fact that the statement .of the accused was taken by means of a wire recording, in itself, in our opinion in no way affects the admissibility of the statement so taken. This question has never before been presented to this court. However, the'courts of other states have had occasion to pass on ■ the same or similar questions, and in every instance, insofar as. we have ascertained, have concluded that statements taken in such a manner were admissible in evidence. Boyne City, G. & A. R. Co. v. Anderson, 146 Mich. 328, 109 N.W. 429, 8 L.R.A., N.S., 306; State v. Minneapolis Milk Co., 124 Minn. 34, 144 N.W. 417, 51 L.R.A., N.S., 244; Commonwealth v. Roller, 13 Pa.Dist & C. 332, Id., 100 Pa.Super. 125; Commonwealth v. Clark, 123 Pa.Super. 277, 187 A. 237; People v. Hayes, 21 Cal.App.2d 320, 71 P.2d 321; State v. Raasch, 201 Minn. 158, 275 N.W. 620; State v. Perkins, 355 Mo. 851, 198 S.W.2d 704, 168 A.L.R. 920.
 

 The trial judge in his well written per curiam to these bills reviewed the jurisprudence throughout this country, which supports his ruling that the wire recording as such was admissible in evidence.
 

 The question of fraud or substitution is one for the trial judge in each particular case. Here the defendant does not contend that the voice recorded was not his, or that the recording is not a true transcription of everything that took place at the time of his confession, or that it was not freely and voluntarily given. The record discloses that the wire recording played to the jury was the one made at the time the statement was given; that the recording was in the custody of one of the officials; that witnesses who were present on the occasion testified during the trial as to its authenticity, that they knew and recognized in the recording the voice of the defendant as well as the voices of the other persons who were present on that occasion, that the recording represented the statement in its entirety, and that the statement was freely and voluntarily made by the accused.
 

 (4) With reference to the last
 
 contention
 
 made by counsel for the defendant, that this wire recording of the confession came as a surprise, the trial judge in his- per
 
 *834
 
 curiam had this to say: “The counsel for the defendant pleaded surprise at the introduction of this confession. I believe this to be without merit. He was advised by the letter he introduced that there were other confessions. The confession attached to the letter, introduced by the defendant, was freely and voluntarily given to counsel by the District Attorney and
 
 the District Attorney expressed a willingness to furnish any other information. He was further advised by Deputy Sheriff Block that there was a wire recording and that it would be played for him if he desired. No request was ever made. This took place in New Iberia several days prior to trial. No request was made to me
 
 to order the production of any of the confessions.
 
 If one had been made it would have been granted,
 
 or the District Attorney would have furnished them willingly.” (Italics ours.)
 

 The letter referred to- in the trial judge’s per curiam was one written by the district attorney to counsel for defendant sometime prior to the trial, in which he enclosed a copy of a transcription of a wire ■recording of a statement made by the defendant (but not the one here in controversy). In this letter the district attorney informed counsel for the defendant that he had other statements -which were written and signed by the accused, which were substantially the same as the one enclosed. He further informed counsel that he did not know at that time whether the statement enclosed or any of the other confessions made by the defendant would be used by the State at the trial, but that it was probable that he would use them all. During the trial the district attorney stated to the court that he advised the attorney for the defendant of the existence of the wire recording at issue here, as well as other confessions of the defendant. Counsel for defendant makes no denial of this statement of the district attorney, and, further, in brief admits that Deputy Sheriff Block advised him that he had a recording, but that he, counsel for the defendant, assumed it to be the same confession which had been sent him by the district attorney. Counsel was in error in this assumption, but under all the facts he had no reason to be misled.
 

 Counsel for the defendant in a criminal case is entitled to a pre-trial inspection of a confession made 'by his client. See State v. Dorsey, 207 La. 928, 22 So.2d 273. If such inspection is denied him by the State, he then can apply to the court for, and obtain, an order permitting such pre-trial inspection. Counsel for defendant cannot, however, remain silent and then plead surprise in the event the State offers in evidence such a confession at the trial.
 

 Moreover, the trial judge informs us that the defendant took the stand in his own behalf, and that his version of the killing given in his testimony was almost identical, word for word, with that of the -wire recording, except that he did not contend on the stand that he was forced by a third person to- kill the deceased. Under these
 
 *836
 
 facts and circumstances we do not see how the admission of the recorded statement was prejudicial to the accused.
 

 Bill of Exception No. 4, which was reserved to the overruling of a motion for a new trial, presents no new matters for our consideration.
 

 For the reasons assigned, the conviction and sentence are affirmed.