THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, PABLO JUAN Y TORO, JUDGE, Respondent; FÉLIX RAMOS CRUZ, Intervener.

No. 2405.    Submitted May 7, 1958.—Decided September 12, 1958.

*J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General,* and *Alfredo Archilla Guenard, Fiscal of the Supreme Court,* for petitioner. *Santos P. Amadeo* for respondent. *Brown, Newsome & Córdova* and *Pablo R. Cancio* for intervener.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Félix Ramos Cruz was convicted of the crime of first-degree murder in the San Juan Part of the Superior Court. On arraignment, the following occurred:

"Your Honor:

Plea? Furnish him with the copy of the information. Plea?

"Lic. Cancio:

Your Honor, in this case we are going to request a term to plead, and in the meantime we request the Court to order the district attorney to deliver to this attorney for the defendant a copy of the sworn statement given by the accused during the investigation of the prosecution. We believe this statement is necessary for the accused to make an intelligent plea as soon as Your Honor sets the date. It is necessary for this attorney to examine and study carefully that sworn statement. We therefore request the Court to order the district attorney to let us have access to said sworn statement.

"District Attorney:

We object, Your Honor. Although we are not the district attorney who originally intervened in the case, we are not familiar with the case, but as a matter of principle.

"Your Honor:

But let the office of the district attorney furnish it. Regardless who was the district attorney, let the office of the district attorney furnish it.

"District Attorney:

Exactly. We want to make clear that our objection is based on the secrecy of the records of the district attorney. It is not based on any other objection, because we are not familiar with the evidence.

"Your Honor:

Well. . . . There is no secrecy, because what he (defendant's counsel) requests is defendant's statement. I mean, it is no secret to him what he said to you. The attorney wants to see it."

In this appeal The People asks us to set aside the order of the respondent court authorizing the production of a copy of defendant's statement on the ground that that statement "constitutes an integral part of a preliminary investigation and of the district attorney's record, which is private and secret."

■ The respondent judge as well as the defendant intervener maintain that the order assailed is valid and

correct because the private character of an investigation of the district attorney does not extend to a statement of an accused given during the preliminary investigation.[1] The petitioner sets forth that "the statutory basis" on which the impeachment rests is found in the last sentence of subdivision 4 of § 11 of the Code of Criminal Procedure—34 L.P.R.A. § 11—which reads as follows:

"*The examination of witnesses* by the prosecuting attorney as provided for in section 3 of this title must be in private, and he shall not interrogate witnesses produced for the defendant except during the public trial." (Italics ours.)

The provision quoted above does not embrace the present situation and does not preclude a competent court from ordering that defendant or his attorney be furnished with a copy of the statement made by the former during the preliminary investigation carried out by the prosecuting attorney. The private character of that investigation is limited to the examination of witnesses. It would be illogical to presume that the Legislature meant to make secret, with respect to the defendant, a document which was obviously known to the defendant. Our decisions as to the district attorney's preliminary investigation has never referred to the defendant.[2]

Is the order entered by the respondent court in contravention with any constitutional or statutory provision in force in Puerto Rico? We decide it is not, and that it acted correctly and pursuant to the prevailing policy to give the accused ample opportunities to defend himself, in ordering

---

[1] The interesting and well-elaborated briefs of the parties reveal that they have accomplished a commendable piece of work in the study of the questions involved in this appeal.

[2] *The People* v. *Reyes*, 10 P.R.R. 240; *The People* v. *Beltrán et al.,* 18 P.R.R. 908; *The People* v. *Díaz et al.,* 22 P.R.R. 177; *Sostre* v. *Calzada,* 33 P.R.R. 237; *People* v. *Ramírez,* 41 P.R.R. 742; *People* v. *Coto,* 48 P.R.R. 143; *People* v. *Escobar,* 55 P.R.R. 491; *Castro* v. *González,* 58 P.R.R. 369; *People* v. *Álvarez,* 70 P.R.R. 791; *People* v. *Garcés,* 78 P.R.R. 95; *López* v. *Superior Court,* 79 P.R.R. 470; *People* v. *Cortés,* 79 P.R.R. 769.

the district attorney to furnish defendant with copy of his sworn statement.

The statement made by an accused during the district attorney's investigation—during which the defendant may not have the assistance of counsel—may constitute the only weapon to obtain his conviction. For the adequate framing of his plea against the information and to prepare his defense effectively, the accused may need to verify what he specifically testified before the district attorney. Neither defendant's counsel nor defendant himself should wait, the former to prepare intelligently the defense of his client, and the latter to compare his own previous statement incriminating him, until the moment of the trial when the district attorney offers it as evidence. One should not lose sight of the objective of judicial proceedings, which is the ascertainment of truth.[3]

---

[3] Following the principles of the English common law the majority of the states have refused traditionally to grant, as a matter of law, petitions of defendants similar to the one in the case at bar. But the modern procedural tendency is to relax such strict archaic rule. See the posthumous work of Jerome Frank, "Not Guilty," at 243–248 (1957), and "Development of Guarantees of Liberty" by Roscoe Pound, at 84–85 (1957).

Louisiana, since 1945, in *State* v. *Dorsey*, 207 La. 928, 22 So. 2d 273 —followed in *State* v. *Simpson*, 216 La. 212, 43 So. 2d 585, *State* v. *Alleman*, 218 La. 821, 51 So. 2d 83, and *State* v. *Martinez*, 220 La. 899, 57 So. 2d 888—assumed the opposite position ranking such right as constitutional and considering absolute the defendant's right to obtain a copy of his statement previous to the trial. In the opinion of this case, in part, it is said:

"Every defendant in a criminal case is presumed to be innocent until the contrary appears, and it is the policy of the law to give to every man accused of a crime a reasonable opportunity to prepare and present his defense to the court or the jury. The State of Louisiana does not want to secure convictions by any unfair concealment or surprise. It is the duty of the State to concern itself as much in having the innocent acquitted as in securing the conviction of the guilty, and the State is desirous of giving every accused person a fair and reasonable opportunity to make his defense. This being so, we are of the opinion that a pre-trial inspection of defendant's own written confession is a just and fair concession which should be made in this State.

"      .      .      .      .      .      .      .      .

We believe that the procedural practice to be followed in these cases is the one applied by the respondent court, ordering the district attorney to deliver to accused, with reasonable promptness, a copy of any statement or confession made by him during the preliminary investigation of the case.

In view of the foregoing, the writ issued will be set aside and the original records remanded to the court of instance.

---

No. 1.—Submitted September 2, 1958.—Decided September 16, 1958.

"Under the provisions of the Constitutions of the United States and this State, every accused is entitled to, and is guaranteed, a fair trial, and to deny his counsel a pre-trial inspection of accused's written confession is, in our opinion, tantamount to depriving such accused of a fair trial, and is in violation of his constitutional rights."

In *Shores* v. *United States*, 174 F.2d 838, 11 A. L. R. 2d 635 (1949), the Court of Appeals for the Eighth Circuit, citing the opinion of Judge Learned Hand in *United States* v. *Krulevitch*, 145 F.2d 76, 78, 156 A. L. R. 337, decided that even in the absence of a statute or judicial rule to that effect, the court of instance had sufficient discretion to order the district attorney to furnish the accused with a copy of his confession.

In the opinion in *State* v. *Haas*, 51 A.2d 647 (1947), decided by the Court of Appeals of Maryland, an extensive study was made of the problem involved herein. The validity of an order was upheld, directing the delivery to the attorney of the defendant of a copy of

---

the statement made by him to the Police Commissioner, based on the inherent power of the courts to enter discretionally that kind of orders for the benefit of justice.

In *State* v. *Superior Court*, 78 Ariz. 74, 275 P.2d 887 (1954), we have another interesting discussion of the question, it being held that the courts have inherent power to order the inspection by the accused of objects in the possession of the district attorney that presumably might be used against him and thus to give him the benefit of a reasonable opportunity to prepare his defense and prove his innocence.

The Supreme Court of California in *Powell* v. *Superior Court*, 48 Cal. 2d 704, 312 P.2d 698 (1957), recognizes the discretionary power of the courts in ordering the delivery to the accused, prior to the trial, of a copy of his statement made in the office of a chief of police.

In the cases of *Leland* v. *Oregon*, 343 U. S. 790, 801–802 (1952) and *Cicenia* v. *Lagay*, 357 U. S. 504, 510–511 (1958), the federal Supreme Court considered that the best procedural practice was to authorize the defendant to inspect his former statement and to obtain a copy thereof, although in both cases it held that failure to do so in no way violated the Fourteenth Amendment of the National Constitution.