McCALEB, Justice.
 

 Appellant and two others were charged under R.S. 14:64 with armed robbery. The former was tried separately, found guilty by the jury and sentenced to serve fifteen years at hard labor in the State Penitentiary. During the course of the trial he reserved three Bills of Exceptions upon which he relies on this appeal for a reversal of his conviction.
 

 Bill No. 1 was taken to the overruling of an objection to the admission in evidence of an inculpatory statement made by appellant to two deputy sheriffs about twenty days after the commission of the 'offense. The statement, in question and answer form, had been electronically recorded and the disc was played to the jury: Additionally, the stenographic transcription of the recording was filed in evidence. Defense counsel contends that the incriminating declaration was inadmissible because it was not shown to be freely and voluntarily given; that the statement (which pertained to the pawning by appellant of the pistol used in the robbery) was not signed and counsel further asserts " * * * there was ample evidence that defendant * * * had been in the asylum at Pineville, Louisiana and had become a drug addict * * * which caused defendant to be in a state of not knowing what he was doing, saying or signing. * * * ”
 

 The bill is without merit. The two deputy sheriffs, to whom the statement was made, testified that it was freely and voluntarily given; that no physical force was used and no promises or inducements were offered. The evidence attached to and made part of the Bill of Exceptions does not reveal that any proof was offered respecting appellant’s use of drugs or that he was incapable mentally of making a free and voluntary statement.
 

 Our law does not require a confession or an incriminating statement to be in any particular form but the State must disclose every fact and circumstance surrounding the making of such statement, use it in its entirety and show that it.was free and voluntary. Article 1, Section 11,
 
 *663
 
 Louisiana Constitution, R.S. 15:450 and 451 and State v. Alleman, 218 La. 821, 51 So.2d 83.
 

 Bill of Exceptions No. 3 was taken when the judge permitted Dr. O. B. Owens, Coroner of Rapides Parish, to testify concerning the mental condition of appellant. Counsel objected to the testimony on the ground that Dr. Owens was not qualified to give his opinion as to appellant’s mental condition because he was not a practicing psychiatrist.
 

 The objection is without substance. Our law (R.S. 15:267) does not require that a physician appointed to make a mental examination of one. charged with crime be a psychiatrist but only that h.e shall have been engaged in the actual practice of medicine for three years since graduation or -for three years last preceding the acceptance of appointment for examination. In addition, the Coroner of the Parish is required by law to serve as one of the examining physicians unless he Is disqualified by reason of interest or is unable to serve for other cause.
 

 The only other bill, which is styled Bill of Exceptions No. 2,was reserved to the ovérrulihg of a motion in arrest of judgment 'and a motion for a new trial. The motion in arrest of judgment alleges, initiálly, that there are errors of law patent lo'n the face' of the record but no specific error is enumerated in the motion or in argument here and our examination of the record has failed to disclose any error.
 

 Secondly, complaint is made in the motion in arrest of judgment that the judge refused a request by defense counsel to repeat his general charge to the jury prior to the time the jury retired for its deliberations. Further it is charged that, notwithstanding this, the judge, upon being requested by the jury, verbally explained the charge he had given pertaining to confessions.
 

 This complaint was not properly presented on a motion in arrest of judgment which is sustainable only for a substantial defect patent on the face of the recoi'd. But, even if it could be considered, it is plainly without merit for it was entirely consistent and proper for the judge to refuse to repeat his charge to the jury at appellant’s behest and yet later, upon being requested by the jury, to explain his charge verbally in greater detail as long as he did not misstate the law.
 

 On the motion for a new trial, appellant complains that the court erred (1) in denying a motion for a sanity hearing despite ample evidence that appellant was mentally disturbed; (2) in permitting the introduction of the unsigned-statement by appellant; (3) in admitting the statement in evidence when there was evidence that he was under the influence of drugs at the time the state
 
 *665
 
 ment was given and (4) that the verdict was contrary to the law and the evidence.
 

 The latter ground, of course, presents nothing for review. Other complaints made in the motion cannot be considered because, under R.S. 15:502, errors which are not patent on the face of the record may not be noticed after verdict “ * * * unless objection shall have been made at the time of the happening of such error and unless at the time of the ruling on the objection a bill of exceptions shall have been reserved to such adverse ruling.” Thus, the claimed error of the judge in refusing to hold a sanity hearing cannot be reviewed as it is raised for the first time on a motion for a new trial. The remaining alleged errors respecting the admission of the incriminating statement have already been disposed of in our consideration of Bill No. 1.
 

 Finally, we take note that defense counsel in his brief to this Court is now contending for the first time that the errors he has alleged could have been more adequately exposed if appellant had been furnished a complete transcript of the record and, in support of this belated claim for a complete transcript, he cites United States ex rel. Weston v. Sigler, 308 F.2d 946 (1962) cert. denied 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).
 

 The short answer to this complaint is that it does not appear that appellant ever requested that he be furnished with a complete transcript of the proceedings below. Furthermore, under the Constitution of this State (Article 7, Section 10), the jurisdiction of this Court on appeal in criminal cases is limited to questions of law alone and under the law (R.S. 15:502 and R.S. 15:510) any irregularity, not patent on the fact of the record, must be objected to at the time of its occurrence and a bill of exceptions reserved to the adverse ruling. Accordingly, even if all of the evidence had been taken down and transcribed, this Court could not have taken notice of it unless it was attached to a bill of exceptions. State v. Honeycutt, 218 La. 362, 49 So.2d 610 and cases there cited.
 

 So far as the decision of the Fifth Circuit Court of Appeals in United States v. Sigler is concerned, it is apt to say that the holding therein appears to be extraordinary in view of the facts of the case. There, a negro rapist, who was convicted in East Baton Rouge Parish and sentenced to death, appealed to this Court relying on nine bills of exceptions for a reversal of his conviction. See State v. Weston, 232 La. 766, 95 So.2d 305 (1957). He was represented by counsel of his own choice and at no time before this Court was any complaint made that he did not have the benefit of a complete transcript of the testimony relating to his bills. It did appear, however, that, during the questioning
 
 *667
 
 of one of the prospective jurors on his voir dire examination, the machine recording the entire trial proceedings temporarily malfunctioned and the questions to and answers of this juror were not properly recorded. For that reason we accepted the findings of the trial judge (the late Charles E. Holcombe) in his per curiam relative to the nature of the answers given by this prospective juror. Such procedure is neither unusual nor unseemly in the appellate practice before this Court where, as in the Weston case, counsel for the accused does not question the accuracy of the statements contained in the judge’s per curiam anent the statement of a witness or juror given at the trial.
 

 Nevertheless, after the affirmance by this Court of his conviction, Weston applied to the United States District Court for the Eastern District of Louisiana for a writ of habeas corpus alleging that, since he was an indigent person (a fact, if it be a fact, that was neither alleged nor even suggested by his counsel when the case was here on appeal), the failure or, rather, inability of the State to furnish him with a complete transcript of the testimony denied him an equal protection of the laws and was violative of the doctrine enunciated in Griffin v. Illinois, 351 U.S. 12,
 
 76
 
 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956). The Federal District judge denied the applicant relief but the Circuit Court, by a two-to-one decision, reversed and held that Louisiana would have to give Weston a complete transcript (which, of course, was impossible) or award him a new trial or release him.
 

 In view of the facts and circumstances which we have above outlined it suffices to say that we do not regard United States v. Sigler as being authoritative of any legal principle. This Court is not bound by that pronouncement and declines to apply it to this case.
 

 The conviction and sentence are affirmed.