207 So.2d 769

**STATE of Louisiana**

v.

**Joseph JOHNSON.**

**No. 48686.**

Feb. 19, 1968.

Rehearing Denied March 25, 1968.

George E. Mouledoux, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

Joseph Johnson was charged by bill of information with the robbery of Coralie Mayforth on November 12, 1966 in the city of New Orleans. He entered a plea of not guilty; he was tried by a jury, found guilty and sentenced as a multiple offender. In due time he lodged an appeal in this court.

None of the bills of exceptions purportedly reserved by defense counsel [1] meet the requirements of law, and for this reason there is nothing for this court to review on appeal.

Article 844, Paragraph B, of the 1966 Code of Criminal Procedure requires that "A formal bill of exceptions * * * must show the circumstances and the evidence upon which the ruling was based."

We quote the bills of exceptions herewith:

"BILL OF EXCEPTION NO. 1

Court erred in following, to-wit:

1. Failing to grant New Trial.

BILL OF EXCEPTION NO. 2

Court refusing to grant Lunacy Hearing.

BILL OF EXCEPTION NO. 3

Court refusing motion to strike expert fingerprint evidence as hearsay.

BILL OF EXCEPTION NO. 4

Court Refusing to rule out gun and license plate as not positively identified.

Now showing that the above rulings were to the prejudice and injury of the defendant and your defendant now tenders the same to the Court and prays that the same be signed and sealed by the Judge of this Court, pursuant to statute, done accordingly this 8th day of February, 1967.

(sgd) Rudolph F. Becker, Jr.
Judge"

Although filed in the record, none of these bills show the circumstances under which they were reserved, and there is no evidence attached to them upon which this court might determine the correctness of the ruling of the trial judge, both of which are mandatory requirements of Article 844, Paragraph B. Applying Article 844, Paragraph B, and its predecessor enactments, we have held on many occasions that this court cannot consider the testimony which is given during the trial of a case, even though it may be contained in the transcript lodged in this court, unless that testimony is incorporated in, or annexed to, or made

---

[1] Present counsel was not enrolled in this case until the appeal and, therefore, he took no part in the reservation or preparation of the bills of exceptions.

part of, a bill of exceptions. State v. Cloud, 246 La. 658, 166 So.2d 263 (1964); State v. Gaines, 223 La. 711, 66 So.2d 618 (1953). In State v. LeBleu, 203 La. 337, 14 So.2d 17 (1943) we said:

"It is well established in the jurisprudence of this state that evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it is annexed to and made part of the bill that has been timely reserved."

For the reasons assigned the conviction and sentence are affirmed.