262 So.2d 367

**STATE of Louisiana**

v.

**Dewitt GRAY, Jr.**

No. 52108.

May 1, 1972.

Rehearing Denied June 5, 1972.

Woodson T. Callihan, Jr., Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

DIXON, Justice.

An out-of-time appeal was granted this indigent defendant for the June, 1968 conviction on a charge of attempted murder of Thelma Jean Morgan. One bill of exceptions was briefed and argued. Objection was made and a bill was reserved to the admission of evidence of another offense committed subsequent to the attempted murder.

According to the prosecuting witness (fifteen years old at the time of the offense), she willingly accompanied the defendant to his brother's room in a hotel, where she had sexual relations with him. Afterwards, while she was dressing and fixing her hair, she noticed a pistol on some furniture and picked it up for no particular purpose except to examine it. A few minutes later, to her surprise, she was shot in the head, losing her sight. A medical witness testified that the pellet from the small caliber gun had probably severed the optical nerves causing permanent blindness.

The defendant's version was that Thelma, obviously ignorant about pistols, had the gun in her hand. He stated that when she failed to put the pistol down when ordered, he grabbed her hand and the gun went off near her head. All the other evidence (ballistic and medical) showed that the gun was some distance from Thelma's head when she was shot, tending to disprove the defendant's version of the shooting.

On the State's case in chief, an oral inculpatory statement made to Dorothy Gray, a witness for the State, on May 27, 1968 was introduced. ("He told me he shot her and would do me the same way."). At the conclusion of the State's case, the defendant took the stand, testifying, as indicated above, that the shooting was accidental. On cross-examination of the defendant, over the objections of his counsel, the prosecutor sought to elicit from defendant an admission that on May 27, 1968 he had raped Dorothy Gray at knife point in her own home, threatening that if she failed to submit, he would do to her what he did to Thelma.

This testimony, according to the prosecutor, was admissible "among other things to negate the defense of accident."

Again, on rebuttal, the State recalled Dorothy Gray, eliciting the desired testimony concerning the episode of May 27, 1968, over the objection of the defendant.

The State admitted in its argument before the trial judge that it did not introduce the evidence of the rape of Dorothy Gray to show knowledge or intent. The crime charged here was attempted murder. There was no contention that the conduct was part of a system or plan.

R.S. 15:494 provides: "It is not competent to impeach a witness as to collateral facts or irrelevant matter."

For the purpose of impeachment, the commission of other offenses is strictly limited by the provisions of R.S. 15:495.

■ When intent is an element that must be proved, evidence of *similar* acts may be admissible. R.S. 15:445. The crime charged was attempted murder. There was not even a suggestion of forcible rape connected with the offense. The rape of Dorothy Gray cannot be considered to be similar to the offense with which the accused was charged. It was clearly error to elicit testimony showing that five months after the offense charged, the defendant committed a forcible rape. State v. Haddad, 221 La. 337, 59 So.2d 411; State v. Rives, 193 La. 186, 190 So. 374; State v. Bates, 46 La.Ann. 849, 15 So. 204; R.S. 15:445; R.S. 15:446.

The defendant was a convicted felon. He admitted prior convictions for kidnapping, vagrancy and felony theft, for which he was on probation at the time of the offense charged. The jury obviously did not believe his story that the gun was in Thelma's hand and accidentally discharged while the defendant was attempting to retrieve the weapon.

Because of his prior convictions, it might be argued that the admission of this irrelevant evidence concerning the Dorothy Gray episode constituted harmless error under the provisions of C.Cr.P. 921:

"A judgment or ruling shall not be reversed by an appellate court on any

ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

The prosecution's case might be said to show that a crime was committed, but not the crime of attempted murder. There was no evidence presented by the State that the accused did any act, the reasonable consequences of which might have been the shooting of Thelma. Thelma did not see the gun in the defendant's hand. She did not know there was any danger of being shot. She testified to no disagreement prior to the shooting. No reason has been suggested why this defendant would do any act which might be calculated to endanger the life of his fifteen year old lover.

■ Nevertheless, the defendant was a "bad man." He had been proved such by admissible evidence. We cannot say that the jury was not influenced by the additional proof of subsequent criminal misconduct with Dorothy Gray. The defendant said the shooting was accidental. There is no evidence that it was not. The jury might have been influenced by the inadmissible evidence.

Consequently, we cannot conclude that the admission of evidence of the rape of

Dorothy Gray five months after the shooting of Thelma was harmless error.

The conviction and sentence are reversed and set aside; the case is remanded for a new trial.

HAMLIN, J., dissented with written reasons.

SANDERS, J., dissents and assigns written reasons.

SUMMERS, J., dissents.

HAMLIN, Justice (dissenting).

It is my view that the evidence offered by the State was admissible for the purpose of contradicting the testimony of defendant that the shooting was accidental.

The majority opinion succinctly states: "All the other evidence (ballistic and medical) showed that the gun was some distance from Thelma's head when she was shot, *tending* to disprove the defendant's version of the shooting." (Emphasis mine.)

Any doubt was cleared up by the evidence of Dorothy Gray, which the jury believed.

Here is a defendant who has been found guilty by a jury, being granted a new trial by reason of a purported error which did not diminish by any common standard the fairness of his trial.

I find that herein there is no miscarriage of justice, no prejudice to the substantial rights of the accused, nor a substantial violation of a constitutional or statutory right. LSA–C.Cr.P. art. 921.

I respectfully dissent.

SANDERS, Justice (dissenting).

The defendant was charged with attempted murder of Thelma Jean Morgan. His defense was that the victim shot herself accidentally while handling a pistol. The jury found him guilty. The majority reverses, because testimony about the defendant's rape of a female witness, to whom he made an inculpatory statement about the attempted murder, was admitted in evidence. I dissent.

In compliance with Article 768 of the Louisiana Code of Criminal Procedure, the State gave written notice of its intention to introduce an inculpatory statement of the defendant at the trial. In putting on the State's case, the District Attorney called Dorothy Gray as a witness. She testified that the defendant threatened her in the following language: "He told me he shot . . . [Thelma Jean Morgan] and that he would do me the same way."

After the State closed its case, the defendant took the stand in his own behalf. He testified that Thelma Jean Morgan shot herself accidentally. He denied making

any statement to Dorothy Gray that he had shot her and persisted in this denial under cross-examination. The defense offered no other witnesses.

In its rebuttal, the State recalled Dorothy Gray, who reaffirmed the inculpatory statement and described the background circumstances in greater detail. The defendant came to her home, held a knife on her to force sexual relations, and threatened to shoot her as he had shot Thelma Jean Morgan.

I find no reversible error here. As a general rule, evidence of crimes other than that charged are inadmissible at a criminal trial. State v. Gerald, 250 La. 759, 199 So. 2d 536. The general rule, however, is subject to exceptions. If the evidence of another crime has an independent relevance, that is a relevance other than merely showing defendant's bad character, it is admissible. LSA–R.S. 15:445, 446; State v. Reese, 250 La. 151, 194 So.2d 729; 11 La.L.Rev. 223.

In the present case, defendant's oral inculpatory statement was admissible. In fact, it was vital to the State's case, since the only witnesses to the crime were the victim and the defendant. In connection with the inculpatory statement, evidence of the surrounding circumstances was required to enable the jury to determine the weight to be given to it. LSA–R.S. 15:450, 451;

State v. Cloud, 246 La. 658, 166 So.2d 263; State v. Alleman, 218 La. 821, 51 So.2d 83.

In State v. Cloud, supra, this Court stated:

"Our law does not require a confession or an incriminating statement to be in any particular form but the State must disclose every fact and circumstance surrounding the making of such statement, use it in its entirety and show that it was free and voluntary."

We have also held that a confession is not rendered inadmissible, because it admits offenses other than the one for which the defendant is being tried. See State v. Maney, 242 La. 223, 135 So.2d 473. This principle should also apply if the foundation circumstances surrounding the confession disclose another crime.

In my opinion, the evidence was admissible because it formed part of the foundation of the crucial inculpatory statement.

In the present case, evidence of the circumstances surrounding the inculpatory statement were explored both on the State's case in chief and on rebuttal. The necessity of rebuttal, however, arose as a result of defendant's denial that he made such a statement. It was then incumbent upon the State to convince the jury that such an event had occurred.

For the reasons assigned, I respectfully dissent.