278 So.2d 12 (1973)
STATE of Louisiana
v.
Philip H. CROTHERS, Jr.
No. 52536.
Supreme Court of Louisiana.
May 7, 1973.
Rehearing Denied June 11, 1973.
*13 Lloyd F. Love, Ferriday, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., W. C. Falkenheiner, Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Philip Crothers, Jr., was tried by a judge and found guilty of attempted possession of marijuana. La.R.S. 40:971(c) and 974. He was sentenced to the Concordia *14 Parish Prison for six months and to pay a fine of $500.00. During the proceedings he reserved and perfected eighteen bills of exceptions, but on this appeal has urged only eight which he has grouped in five arguments in brief. The remaining bills of exceptions are considered abandoned. State v. Mills, 229 La. 758, 86 So. 2d 895 (1956)

I. Bill No. 6
The defendant's first argument is based on Bill of Exceptions No. 6 reserved at the inception of the trial upon the trial judge's refusal to recuse himself. The motion to recuse urged by defense counsel was not in writing as required by La.C.Cr. P. Art. 674. Therefore, the denial of the oral motion for recusal presents nothing for this court to review. Cf. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970). Bill of Exception No. 6 is without merit.
The facts necessary for a discussion of the remaining arguments of the defendant are as follows.
On the evening of February 17, 1972 a complaint was received by the Vidalia Police Department regarding a disturbance at 209 Wallace Circle, Vidalia, Louisiana. The police department dispatched Constable Calvin Weeks to the scene. Upon arriving at the above mentioned residence, Weeks knocked at the door, and although there is a dispute in the testimony, we find that he was admitted to the house through the kitchen entrance by the defendant. Of consequence with respect to this finding is the fact that while the defendant steadfastly denied that Constable Weeks was admitted to the house, Bruce Sutton who was in the house testified that he heard a knock at the door, and saw the defendant go toward the door in response to the knock.
As he entered, Constable Weeks detected the smell of marijuana smoke and observed an occupant of the house (Bruce Sutton) running through a hall holding a marijuana water pipe bowl apparently attempting to dispose of it and/or its contents in the bathroom. Weeks apprehended Sutton. Defendant Crothers, who was still in the kitchen, was then directed into the living room where Weeks had Sutton and another occupant of the house in custody.
The Constable then made a telephone call for assistance. He also took as evidence scrapings from the water pipe bowl and seeds which were scattered about the living room. The scrapings were later confirmed by the Louisiana State Police Crime Lab to be marijuana. He also took the bottom or base of the water pipe as evidence. Upon the arrival of Police Officer Roberts, whose aid Weeks had requested, another occupant of the house was found asleep in one of the bedrooms to the rear of the house. All subjects were placed under arrest and taken into custody at the jail in Vidalia. The defendant Crothers was given the Miranda warnings twice, and thereafter he gave a confession which was recorded on video tape. The water pipe which was seized was placed on a table immediately in front of the defendant during the confession, and it appeared on the video tape recording.

II. Bills No. 3, 11, 13 and 14
Through Bills No. 3, 11, 13 and 14, defense counsel raises the contention that the video tape confession should have been suppressed because it was inherently prejudicial due to the appearance of the water pipe therein.
Video tapes have been held admissible in evidence in criminal trials in the State of Louisiana. State v. Burkhalter, 260 La. 27, 255 So.2d 62 (1971); State v. Dickson, 248 La. 500, 180 So.2d 403 (1965); State v. Cloud, 246 La. 658, 166 So.2d 263 (1964). With regard to the prejudicial nature of the tape, we find that the trier of fact in this case could not have been unduly influenced by the appearance of the water pipe on the tape. This is especially *15 so here in a judge trial, since the judge is trained in the law and is able to disregard irrelevant and possibly prejudicial matter. Moreover, we fail to find any unfair prejudice resulting from the appearance of the water pipe on the tape because it was introduced at trial and definitely connected with the defendant.
Thus, Bills No. 3, 11, 13 and 14 are without merit as to the contention made in the defendant's second argument.

III. Bills No. 7, 9 and 10
The issue of an illegal search and seizure is raised in Bills No. 7, 9 and 10.
It was the conclusion of the trial court upon review of the facts established at the hearing of the motion to suppress that the water pipe, scrapings therefrom, and the seeds seized at the time of the defendant's arrest were to be admissible in evidence. The trial court found that Constable Weeks was admitted to the residence by the defendant. Upon Weeks' entry he detected marijuana smoke and observed Bruce Sutton holding the marijuana water pipe bowl as he was running down the hall apparently attempting to dispose of the bowl and/or its contents.
In order to qualify as a search prohibited by the Fourth Amendment of the U. S. Constitution, the search must be one which is unreasonable and prohibited under all of the circumstances. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
It is established jurisprudence that if the object seized is in plain view, and the officer seizing it has a right to be in the position affording plain view, that the constitutional guarantee against unreasonable search and seizure is not violated. State v. Dell, 258 La. 1024, 249 So.2d 118 (1971); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966).
Since we have found that the evidence supports the trial judge's conclusion that Weeks was admitted to the house by the defendant, and that the water pipe bowl was in full view after he was so admitted, we find that the seizure of this item was not unreasonable. The officer had detected the smell of marijuana smoke as he entered the house. He observed Bruce Sutton holding the marijuana pipe bowl in plain view. Under these circumstances we conclude that he had the right to seize the pipe bowl and its contents.
Further, it must be taken into consideration that another basis for seizure without a warrant (it is admitted that Weeks did not have a warrant for a search of the residence) results when there is danger of destruction of evidence. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Terry v. Ohio, supra; Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). As demonstrated by the facts in this case, destruction of the evidence appeared imminent and would have been successful, had it not been for the apprehension of Sutton perfected by the Constable.
In view of all of these circumstances we find that the trial court was correct in ruling that the water pipe and seeds were admissible, as they were not the product of an unreasonable search and seizure.

IV. Bills No. 3, 11 and 13
These Bills were taken to the denial of defendant's motion to suppress the video taped confession. The argument made here is based on grounds other than the alleged inherently prejudicial nature of the tape of which we have disposed above.
Defense counsel argues that there was a failure to prove that the Miranda warnings were administered to the defendant prior to questioning. Further, he contends that *16 there existed an undue delay between the time of arrival of the defendant at the police station and the time his confession was obtained, thereby suggesting that intimidation or coercion was possible.
We are in accord with the findings of the trial court on this issue, that is, these allegations are not supported by the facts.
The record shows that the defendant was administered Miranda warnings on two separate occasions, once immediately after he arrived at the police station and again immediately prior to his giving the confession. On the latter occasion the Miranda warnings were actually recorded on video tape.
Defense counsel seems to be contending that since the defendant was questioned at the house[1] without being advised of the Miranda warnings, then the mere failure of the officers to so advise him prior to any questioning is a sufficient basis to reverse his conviction, although no incriminating statements were made at that time nor was there ever any specific statement made by the defendant at the house admitted in evidence at the trial on the merits.
This contention is simply erroneous.
The exclusionary rule announced in Miranda[2] Applies only where custodial interrogation produces some response of the defendant and the State seeks to introduce that response into evidence at the trial of the defendant. Miranda simply does not apply where there is custodial interrogation of the defendant and the responses obtained are not introduced in evidence by the State at the trial; Miranda formulated a rule designed to exclude evidence, but not to void convictions where fruitless custodial interrogation occurs in the absence of prior warnings.
In the instant case when the defendant was questioned at the house by the Constable without prior Miranda warnings he gave no response which was sought to be introduced at trial by the State. Therefore, Miranda could not be invoked because there was no confession or admission, which resulted from the questioning at the house, to exclude. We would certainly view the matter differently had the Constable actually allowed a confession or any other statement at the house, without giving the warnings, and then sought to cure the defective confession or statement by advising the defendant of the Miranda warnings and securing another confession or statement.
The matter of undue delay raised by defense counsel is also not substantiated by the facts. At most the four persons, including the defendant, who were arrested by Constable Weeks were in custody in the jail for one to two hours prior to the time defendant's confession was taped. Considering the fact that they had to be booked, searched, and, were given the full Miranda warnings twice before the recording of the confession, we do not find this to be an unreasonable delay. The argument presented by these bills of exceptions is without merit.

V. Bill No. 3
The final argument for consideration is contained in Bill of Exceptions No. 3. Defendant urges that the video-taped confession should have been held inadmissible by the trial court due to the fact that it was procured through intimidation and coercion, See La.R.S. 15:451.
*17 Under the circumstances, however, particularly in light of the fact that the trial judge actually viewed the defendant in the act of making the confession and concluded there was no coercion or intimidation, we are unable to find the confession involuntary in nature.
For the reasons assigned the conviction and sentence are affirmed.
NOTES
[1] The Constable inquired of the defendant as to the location of other marijuana in the house. The same inquiry was made of the other persons arrested. However, defense counsel did not make a motion to suppress the responses obtained at the house, nor did the State make an attempt to introduce these responses at the trial.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).